IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BO SHEN, Individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>EXELA TECHNOLOGIES, INC., RONALD COGBURN, and JAMES G. REYNOLDS,<br><br>　　　Defendants. | Case No: 3:20-cv-00691<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bo Shen ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Exela Technologies, Inc. ("Exela" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Exela securities from March 16, 2018 through March 16, 2020, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by

1

Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the Company's principal executive offices are located in this judicial district and alleged the misstatements and the subsequent damages took place in this judicial district.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying certification incorporated by reference herein, purchased Exela securities during the Class Period and was economically damaged thereby.

7. Defendant Exela purports to operate as a location-agnostic global business process automation ("BPA") provider combining industry-specific and multi-industry enterprise software and solutions worldwide. Exela is a Delaware corporation and its principal executive

offices are located at 2701 E. Grauwyler Rd., Irving, TX 75061. Exela's securities trade on the NASDAQ under the ticker symbol "XELA."

8. Defendant Ronald Cogburn ("Cogburn") has been the Company's Chief Executive Officer ("CEO") throughout the Class Period.

9. Defendant James G. Reynolds ("Reynolds") has been the Company's Chief Financial Officer ("CFO") throughout the Class Period.

10. Defendants Cogburn and Reynolds are collectively referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

   a. directly participated in the management of the Company;

   b. was directly involved in the day-to-day operations of the Company at the highest levels;

   c. was privy to confidential proprietary information concerning the Company and its business and operations;

   d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

   e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

   f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

   g. approved or ratified these statements in violation of the federal securities laws.

12. Exela is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Exela under *respondeat superior* and agency principles.

14. Defendant Exela and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
## Materially False and Misleading Statements Issued During the Class Period

15. On March 16, 2018, the Company filed a Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendants Cogburn and Reynolds. The 2017 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Cogburn and Reynolds attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

16. The 2017 10-K stated that "accompanying consolidated financial statements and related notes to the consolidated financial statements have been prepared in accordance with generally accepted accounting principles in the United States ("U.S. GAAP") and in accordance with the rules and regulations of the Securities and Exchange Commission ("SEC")."

17. On March 20, 2019, the Company filed a Form 10-K for the fiscal year ended December 31, 2018 (the "2018 10-K"). The 2017 10-K was signed by Defendants Cogburn and Reynolds. The 2018 10-K contained signed SOX certifications by Defendants Cogburn and Reynolds attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

18. The 2018 10-K stated that "accompanying consolidated financial statements and related notes to the consolidated financial statements have been prepared in accordance with generally accepted accounting principles in the United States ("U.S. GAAP") and in accordance with the rules and regulations of the Securities and Exchange Commission ("SEC")."

19. On May 5, 2019, the Company filed a Form 10-Q for the quarterly period ended March 31, 2019 with the SEC (the "1Q 2019 10-Q"), which provided the Company's financial statements and position. The 1Q 2019 10-Q was signed by Defendants Cogburn and Reynolds. The 1Q 2019 10-Q contained signed SOX certifications by Defendants Cogburn and Reynolds attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

20. The 1Q 2019 10-Q stated that "accompanying condensed consolidated financial statements have been prepared using accounting principles generally accepted in the United States of America ("GAAP") and with the instructions to Form 10-Q and Rule 10-01 of Securities and Exchange Commission ("SEC") Regulation S-X as they apply to interim financial information."

21. On August 8, 2019, the Company filed a Form 10-Q for the quarterly period ended June 30, 2019 with the SEC (the "2Q 2019 10-Q"), which provided the Company's financial statements and position. The 2Q 2019 10-Q was signed by Defendants Cogburn and Reynolds. The 2Q 2019 10-Q contained signed SOX certifications by Defendants Cogburn and Reynolds attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

22. The 2Q 2019 10-Q stated that "accompanying condensed consolidated financial statements have been prepared using accounting principles generally accepted in the United

States of America ("GAAP") and with the instructions to Form 10-Q and Rule 10-01 of Securities and Exchange Commission ("SEC") Regulation S-X as they apply to interim financial information."

23. On November 12, 2019, the Company filed a Form 10-Q for the quarterly period ended September 30, 2019 with the SEC (the "3Q 2019 10-Q"), which provided the Company's financial statements and position. The 3Q 2019 10-Q was signed by Defendants Cogburn and Reynolds. The 3Q 2019 10-Q contained SOX certifications signed by Defendants Cogburn and Reynolds attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

24. The 3Q 2019 10-Q stated that "accompanying condensed consolidated financial statements have been prepared using accounting principles generally accepted in the United States of America ("GAAP") and with the instructions to Form 10-Q and Rule 10-01 of Securities and Exchange Commission ("SEC") Regulation S-X as they apply to interim financial information."

25. The statements referenced in Paragraphs 15-24 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Exela's previously issued financial statements for the twelve months ended December, 31, 2017 and December 31, 2018, and the quarterly statements for the three and nine months ended September 30, 2019 contained numerous accounting errors, could not be relied upon, and required restatement; and (2) as a

result, Defendants' statements about Exela's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

### The Truth Begins to Emerge

26.     On March 16, 2020, the Company issued a press release announcing that it would be postponing its earnings and conference call due to a delayed filing of the Company's Form 10-K for fiscal year 2019. The Company's press release stated, in relevant part:

> IRVING, Texas, March 16, 2020 (GLOBE NEWSWIRE) -- Exela Technologies, Inc. ("Exela" or the "Company") (XELA), a location-agnostic global business process automation ("BPA") leader across numerous industries, announced today that it will delay its earnings release and investor conference call for the fourth quarter and year ended December 31, 2019, previously scheduled for 5:00 p.m. (ET) today. Exela has postponed its earnings release and conference call due to the delayed filing of its Form 10-K for the year-ended December 31, 2019, and the need to restate certain of its historical financial statements.
>
> Exela plans to file a Form 12b-25, Notification of Late Filing, with the Securities and Exchange Commission, by March 17, 2020, which will provide the Company with a 15 calendar-day extension beyond the March 16, 2020 deadline within which to file the 2019 annual report on Form 10-K. Exela also plans to file a Form 8-K with the SEC on March 17, 2020, with additional details regarding the restatement of its historical financial statements.
>
> Exela currently expects to file the Company's Form 10-K for the year-ended December 31, 2019, on or before March 31, 2020. Once that date is finalized, Exela will schedule an investor conference call to discuss the financial results for the fourth quarter and full year 2019. Although Exela is working diligently to complete the 2019 Form 10-K, and currently expects to complete and file these items by March 31, 2020, given factors such as potential work interruptions associated with the COVID-19 coronavirus, no assurance can be given that they will be filed within such period.

27.     On this news, the Company's shares fell $0.0154 per share or over 8.3% to close at $0.17 per share on March 17, 2020, damaging investors.

28.     The next day, Exela issued a press release containing an update regarding their delayed filing. The Company disclosed that, in addition to not being able to timely file their Form 10-K, the Company revealed more information about the need to restate its financial

7

statements for fiscal years 2017 and 2018, and its interim 2019 statements. The press release stated, in pertinent part:

> IRVING, Texas, March 17, 2020 (GLOBE NEWSWIRE) -- Exela Technologies, Inc. ("Exela" or the "Company") (XELA), a location-agnostic global business process automation ("BPA") leader across numerous industries, ***today filed with the Securities and Exchange Commission on Form 12b-25, a Notification of Late Filing, for its 10-K for the year ended December 31, 2019, and on Form 8-K, details regarding the restatement of its financial statements for the years ended December 31, 2017 and 2018, and the interim periods through September 30, 2019 as previously disclosed on March 16, 2020***. The restatement is not expected to have a material impact on previously reported Revenue or Adjusted EBITDA.
>
> In addition, the Company noted that as of March 16, 2020, it had cash on hand and available borrowings of approximately $100 million, and reaffirmed its full year 2019 guidance for Revenue and Adjusted EBITDA issued on November 12, 2019.
>
> Exela currently expects to file the Company's Form 10-K for the year-ended December 31, 2019, and restated financial statements for 2017 and 2018 and the interim periods through September 30, 2019, on or before March 31, 2020. The Company also plans to release its full fourth quarter 2019 financial results concurrently with such filing. Once that date is finalized, Exela will schedule an investor conference call to discuss the financial results for the fourth quarter and full year 2019. Although Exela is working diligently to complete the 2019 Form 10-K, and restatements of its financial statements for 2017 and 2018 and the interim periods through September 30, 2019, and currently expects to complete and file these items by March 31, 2020, given factors such as potential work interruptions associated with the COVID-19 coronavirus, no assurance can be given that they will be filed within such period.

(Emphasis added.)

29.     The Company's Form 12b-25 Notification of Late Filing stated, in pertinent part:

> As reported in its Form 8-K filed with the Securities and Exchange Commission on March 17, 2020 (the "Form 8-K"), ***Exela Technologies, Inc. (the "Company") has determined that it will restate its financial statements for the years ended December 31, 2017 and 2018 and the interim periods through September 30, 2019 (which will be addressed in the Company's Form 10-K for the year ended December 31, 2019 (the "Form 10-K")) to correct certain historical accounting errors***. We have determined that these errors were the

8

result of a material weakness in internal control over financial reporting that was previously reported in management's most recently issued report on internal control over financial reporting that continued to exist as of December 31, 2019. As of March 16, 2020, the Company had cash on hand and available borrowings of approximately $100 million. The Company's projected liquidity through the first quarter of 2021, determined without giving effect to certain projected operational savings that the Company currently expects to achieve and considering the timing of potential payments related to the Appraisal Action, results in the Company needing additional time to complete the evaluation of its ability to continue as a going concern as part of the completion of its financial statements and related disclosures, including the restatement of previously issued financial statements. As a result, the preparation of the financial statements to be included in the Form 10-K and the related audit of such financial statements have not been completed.  Although the Company is seeking to complete this process as quickly as possible, the preparation of the financial statements and audit cannot be completed within the prescribed time period for filing the Form 10-K without unreasonable effort or expense.

(Emphasis added.)

30. On this news, the Company's shares fell an additional $0.025 per share or over 14.7% to close at $0.145 per share on March 18, 2020, further damaging investors.

31. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Exela securities publicly traded on NASDAQ during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Exela, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

33. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Exela securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

34. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

   a. whether the Exchange Act was violated by Defendants' acts as alleged herein;

   b. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Exela;

   c. whether the Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

   d. whether Defendants caused Exela to issue false and misleading SEC filings during the Class Period;

e. whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

f. whether the prices of Exela securities during the Class Period were artificially inflated because of defendants' conduct complained of herein; and

g. whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a. Exela shares met the requirements for listing, and were listed and actively traded NASDAQ, a highly efficient and automated market;

b. As a public issuer, Exela filed periodic public reports with the SEC;

c. Exela regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

d. Exela was followed by a number of securities analysts employed by major

11

brokerage firms who wrote reports that were widely distributed and publicly available.

39. Based upon the foregoing, the market for Exela securities promptly digested current information regarding Exela from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

40. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
### Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### Against All Defendants

41. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

42. This Count is asserted against Defendants based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

43. During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

44. Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

12

      a.      employed devices, schemes and artifices to defraud;

      b.      made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c.      engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their purchases of Exela securities during the Class Period.

45. Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Exela were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Exela, their control over, and/or receipt and/or modification of Exela's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Exela, participated in the fraudulent scheme alleged herein.

46. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Exela personnel to members of the investing public, including Plaintiff and the Class.

47. As a result of the foregoing, the market price of Exela securities was artificially

inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Exela securities during the Class Period in purchasing Exela securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

48. Had Plaintiff and the other members of the Class been aware that the market price of Exela securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Exela securities at the artificially inflated prices that they did, or at all.

49. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

50. By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Exela securities during the Class Period.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

51. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. During the Class Period, the Individual Defendants participated in the operation and management of Exela, and conducted and participated, directly and indirectly, in the conduct of Exela's business affairs. Because of their senior positions, they knew the adverse non-public information about Exela's corporate governance and business prospects.

53. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Exela's

business practices, and to correct promptly any public statements issued by Exela which had become materially false or misleading.

54. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Exela disseminated in the marketplace during the Class Period concerning the Company's corporate governance and business prospects. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Exela to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Exela within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Exela securities.

55. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Exela.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

A. Declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

B. Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C. Awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.  Awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: March 23, 2020

Respectfully submitted,

**STECKLER GRESHAM COCHRAN PLLC**

*/s/ R. Dean Gresham*
R. Dean Gresham
Texas Bar No. 24027215
12720 Hillcrest Rd, Suite 1045
Dallas, Texas 75230
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: dean@sgc.law

-and-

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (not admitted)
Laurence M. Rosen, Esq. (not admitted)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
         lrosen@rosenlegal.com

*Counsel for Plaintiff*

# Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against Exela Technologies, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Exela Technologies, Inc.. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

| | |
|---|---|
| First name: | Bo |
| Middle initial: | |
| Last name: | Shen |
| Address: | REDACTED |
| City: | |
| State: | |
| Zip: | |
| Country: | |
| Facsimile: | |
| Phone: | |
| Email: | |



Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.
2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.
3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.
4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.
5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.
6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | 10/04/2019 | 4000 | 1.34 |

7. I have not served as a representative party on behalf of a class under the federal securities laws during the last three years, except if detailed below. [ ]

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:       YES

## Certification for Bo Shen (cont.)

By clicking on the button below, I intend to sign and execute this agreement and retain the Rosen Law Firm, P.A. to proceed on Plaintiff's behalf, on a contingent fee basis.          **YES**

Signed pursuant to California Civil Code Section 1633.1, et seq. - and the Uniform Electronic Transactions Act as adopted by the various states and territories of the United States.

Date of signing: 03/22/2020

*[Signature: Shen Bo]*