**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

|  |  |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:20-cv-00691-D |
| Plaintiff, | |
| v. | |
| EXELA TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
**IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO**
**DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 201 of the Federal Rules of Evidence, Lead Plaintiffs Insur Shamgunov and Elena Shamgunova ("Plaintiffs") hereby ask the Court to take judicial notice of the following documents in support of Plaintiffs' Opposition to the Motion to Dismiss filed by Exela Technologies, Inc. ("Exela"), Ronald Cogburn ("Cogburn"), Parvindar Chadha ("Chadha"), and James G. Reynolds ("Reynolds") (collectively "Defendants"). For the reasons set forth below, judicial notice of the attached documents is appropriate.

## I. STANDARD FOR JUDICIAL NOTICE

Rule 201(b) of the Federal Rules of Evidence provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Additionally, Rule 201(d) provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

In considering a Rule 12(b)(6) motion, the Court may examine documents incorporated into the complaint by reference and the matters of which a court may take judicial notice. *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Zollicoffer v. Livingston*, 169 F. Supp. 3d 687, 691 (S.D. Tex. 2016) (taking judicial notice of government reports and websites). Courts may take judicial notice of documents both for their contents and for the truth of the matters asserted therein so long as the facts are not in dispute and are from reliable sources. *See Smilovits v. First Solar Inc.*, 119 F. Supp. 3d 978, 1010 (D. Ariz. 2015), *aff'd sub nom. Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750 (9th Cir. 2018).

The documents for which Plaintiffs seek judicial notice satisfy this standard.

1

## II.   PLAINTIFFS SUBMIT MATERIALS THAT ARE PROPER SUBJECTS FOR JUDICIAL NOTICE

Plaintiffs ask the Court to take judicial notice of Exhibits 1-6 attached hereto, which are respectively:

1.   Exela's Form 8-K filed with the Securities and Exchange Commission ("SEC") on January 15, 2020 (attached as Exhibit 1);

2.   Excerpts of Exhibit 10.1 to Exela's Form 8-K filed with the SEC on January 15, 2020 (Loan and Security Agreement, dated as of January 10, 2020, by and among Exela Receivables 1, LLC, as borrower, Exela Technologies, Inc., as initial servicer, TPG Specialty Lending, Inc., as administrative agent, PNC Bank, National Association, as LC Bank, and the lenders from time to time party thereto.) (attached as Exhibit 2);

3.   Notice of Deposition of Respondent's Expert witness, Gregg A. Jarrell ("Jarrell") on February 14, 2019 at 9:00 am and Director, Respondent SourceHov Holdings, Inc., Parvindar Chadha, on February 26, 2019 at 10:00 am with Certificate of Service filed February 12, 2019 in the matter of *Manichaean Capital, LLC v. SourceHOV Holdings, Inc*., No. CV 2017-0673-JRS, 2020 WL 496606, (Del. Ch. Jan. 30, 2020), reconsideration denied, No. CV 2017-0673-JRS, 2020 WL 1166067 (Del. Ch. Mar. 11, 2020) (the "Appraisal Action") (attached as Exhibit 3);

4.   Granted (Stipulation and [Proposed] Order Governing Expert Discovery) filed in the Appraisal Action on August 22, 2018 (attached as Exhibit 4);

5.   Respondent's (SourceHov) Responses and Objections to Petitioners' First Set of Interrogatories served on June 25, 2018 and filed in the Appraisal Action on August

2

2, 2018 as Exhibit 9 to Petitioners' Motion to Compel Depositions of Respondent's Officers and Directors Chadha, Reynolds and Cogburn and to Extend Discovery by 45 Days (attached as Exhibit 5); and

6.      Excerpts from the June 6, 2019 Trial Transcript - Volume III in the Appraisal Action (excerpts attached as Exhibit 6).

"A district court "may consider" other "sources" when deciding a Rule 12(b)(6) motion, such as "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)). Moreover, even documents that are "necessary to [p]laintiffs' allegations *even if not explicitly referenced in the [c]omplaint*" are likewise suitable for judicial notice. *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003).

Plaintiffs' Exhibits 1 and 2 are Exela's Form 8-K filed with the SEC on January 15, 2020 and Exhibit 10.1 thereto, the Loan and Security Agreement. Documents filed with the SEC are subject to judicial notice. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 & n. 1 (5th Cir.1996) (adopting rule of *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991), that in securities fraud action, judicial notice may be taken of contents of public disclosure documents required to be filed with SEC); *see also Fener v. Belo Corp.*, 513 F.Supp.2d 733, n. 2 (N.D. Tex. 2007) (granting notice of SEC filings). The existence of both documents is not subject to dispute and there can be no dispute about the authenticity of these publicly filed documents.

Similarly, Plaintiffs' Exhibits 3-6 were filed in the Appraisal Action, which itself was incorporated by reference in the Complaint and "necessary to [p]laintiffs' allegations even if not explicitly referenced in the [c]omplaint." *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (taking judicial notice of SEC filings because "they are clearly, if indirectly, referenced in the [c]omplaint as integral to the . . . allegations made in the [c]omplaint"). Judicial notice may also be taken of documents from other legal proceedings. *See Bauer v. Texas*, 341 F.3d 352, 362 n.8 (5th Cir. 2003) (noting that the court may take judicial notice of public court records). Such documents are appropriate where the purpose is to establish that particular matters have been raised or stated in another forum. *See Callan v. Deutsche Bank Trust Co. Americas*, No. 4:13–CV–247, 2014 WL 1314831, at n. 2 (S.D. Tex. March 27, 2014) (taking judicial notice "of the contents of ... three foreclosure applications" when the plaintiff "ask[ed] the [c]ourt to take judicial notice of the contents of the applications only for the fact that they were filed, not for the truth of the statements therein").

Exhibit 3, a deposition notice, indicates the dates of depositions of Chadha and SourceHov's expert, Jarrell, in the Appraisal Action. The testimony given by Chadha and Jarrell at the appraisal action was likewise cited and incorporated by reference within the Complaint. *See* ¶72 (incorporating the Appraisal Action by reference); ¶¶86-104 (discussing the Adjusted EBITDA metric at the Appraisal Action). The Defendants' knowledge of and calculation of Adjusted EBITDA is a key issue in this litigation, as is when Defendants became aware of various issues. Plaintiffs seek notice not to establish the truth of what Chadha and Jarrell said at their depositions, but *when* they said it.

Exhibit 4 is a scheduling order from the Appraisal Action, which was also incorporated by reference in the Complaint. *See* ¶72. Moreover, it is proper under Rule 201 for a district court to

take notice of court orders.  *Theller v. US Bank National Association*, No. 3:19-CV-2564-D, 2019 WL 7038360, at n.1 (N.D. Tex, December 19, 2019) (taking judicial notice of an order of the Texas Court of Appeals).

Exhibit 5 is SourceHov's discovery responses signed by counsel for SourceHov and filed in the Appraisal Action.  Discovery responses filed with the court are subject to judicial notice. *See United Dairy Farmers, Inc. v. U.S.*, 267 F.3d 510, 519 (6th Cir. 2001) (taking judicial notice of UDF's concession of the bad debt issue during discovery).

Exhibit 6 is excerpts from the trial transcript of the Appraisal Action, which was incorporated by reference in the Complaint and an undisputed matter of public record.  *See DeGroot v. United States*, 786 Fed. Appx. 638, 642-643 (9th Cir. 2019) (taking notice of a criminal trial transcript for the existence of facts that may be presented to a jury to rebut the presumption of probable cause, not for the accuracy or merit of any argument presented).  Accordingly, the Court should likewise take judicial notice of Exhibit 6.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request for judicial notice.

Dated:  December 11, 2020                              Respectfully submitted,


                                                 */s/ Joe Kendall*
                                                 JOE KENDALL
                                                 Texas Bar No. 11260700
                                                 **KENDALL LAW GROUP, PLLC**
                                                 3811 Turtle Creek Blvd., Suite 1450
                                                 Dallas, Texas  75219
                                                 214-744-3000 / 214-744-3015 (Facsimile)
                                                 jkendall@kendalllawgroup.com

                                                 *Local Counsel for Lead Plaintiffs Insur
                                                 Shamgunov and Elena Shamgunova*

                                                 **GLANCY PRONGAY & MURRAY LLP**

5

Kara M. Wolke (*pro hac vice pending*)
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiffs Insur Shamgunov and Elena Shamgunova and Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on December 11, 2020, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

*/s/ Joe Kendall*
JOE KENDALL