October 13, 2021

# 606 Revenue from Contracts with Customers
## 10 Overall
### 32 Measurement

**General Note**: The Measurement Section provides guidance on both the initial and subsequent measurement. Specifically, this Section provides the criteria and amounts used to measure a particular item at the date of initial recognition. In addition, this Section provides guidance on an entity's subsequent measurement and subsequent recognition of an item. Situations that may result in subsequent changes to carrying amount include impairment, fair value adjustments, depreciation and amortization, and so forth.

## General

**606-10-32-1   When (or as) a performance obligation is satisfied, an entity shall recognize as revenue the amount of the transaction price (which excludes estimates of variable consideration that are constrained in accordance with paragraphs 606-10-32-11 through 32-13) that is allocated to that performance obligation.**

**>    Determining the Transaction Price**

**606-10-32-2   An entity shall consider the terms of the contract and its customary business practices to determine the transaction price. The transaction price is the amount of consideration to which an entity expects to be entitled in exchange for transferring promised goods or services to a customer, excluding amounts collected on behalf of third parties (for example, some sales taxes). The consideration promised in a contract with a customer may include fixed amounts, variable amounts, or both.**

**606-10-32-2A**   An entity may make an accounting policy election to exclude from the measurement of the transaction price all taxes assessed by a governmental authority that are both imposed on and concurrent with a specific revenue-producing transaction and collected by the entity from a customer (for example, sales, use, value added, and some excise taxes). Taxes assessed on an entity's total gross receipts or imposed during the inventory procurement process shall be excluded from the scope of the election. An entity that makes this election shall exclude from the transaction price all taxes in the scope of the election and shall comply with the applicable accounting policy guidance, including the disclosure requirements in paragraphs 235-10-50-1 through 50-6.

**606-10-32-3**   The nature, timing, and amount of consideration promised by a customer affect the estimate of the transaction price. When determining the transaction price, an entity shall consider the effects of all of the following:

a.  Variable consideration (see paragraphs 606-10-32-5 through 32-10 and 606-10-32-14)

b.  Constraining estimates of variable consideration (see paragraphs 606-10-32-11 through 32-13)

c.  The existence of a significant financing component in the contract (see paragraphs 606-10-32-15 through 32-20)

d. Noncash consideration (see paragraphs 606-10-32-21 through 32-24)

e. Consideration payable to a customer (see paragraphs 606-10-32-25 through 32-27).

**606-10-32-4**   For the purpose of determining the transaction price, an entity shall assume that the goods or services will be transferred to the customer as promised in accordance with the existing contract and that the contract will not be cancelled, renewed, or modified.

## > >    Variable Consideration

**606-10-32-5**   If the consideration promised in a **contract** includes a variable amount, an entity shall estimate the amount of consideration to which the entity will be entitled in exchange for transferring the promised goods or services to a **customer**.

**606-10-32-6**   An amount of consideration can vary because of discounts, rebates, refunds, credits, price concessions, incentives, performance bonuses, penalties, or other similar items. The promised consideration also can vary if an entity's entitlement to the consideration is contingent on the occurrence or nonoccurrence of a future event. For example, an amount of consideration would be variable if either a product was sold with a right of return or a fixed amount is promised as a performance bonus on achievement of a specified milestone.

**606-10-32-7**   The variability relating to the consideration promised by a customer may be explicitly stated in the contract. In addition to the terms of the contract, the promised consideration is variable if either of the following circumstances exists:

a.  The customer has a valid expectation arising from an entity's customary business practices, published policies, or specific statements that the entity will accept an amount of consideration that is less than the price stated in the contract. That is, it is expected that the entity will offer a price concession. Depending on the jurisdiction, industry, or customer this offer may be referred to as a discount, rebate, refund, or credit.

b.  Other facts and circumstances indicate that the entity's intention, when entering into the contract with the customer, is to offer a price concession to the customer.

**606-10-32-8**   An entity shall estimate an amount of variable consideration by using either of the following methods, depending on which method the entity expects to better predict the amount of consideration to which it will be entitled:

a.  The expected value—The expected value is the sum of probability-weighted amounts in a range of possible consideration amounts. An expected value may be an appropriate estimate of the amount of variable consideration if an entity has a large number of contracts with similar characteristics.

b.  The most likely amount—The most likely amount is the single most likely amount in a range of possible consideration amounts (that is, the single most likely outcome of the contract). The most likely amount may be an appropriate estimate of the amount of variable consideration if the contract has only two possible outcomes (for example, an entity either achieves a performance bonus or does not).

**606-10-32-9**   An entity shall apply one method consistently throughout the contract when estimating the effect of an uncertainty on an amount of variable consideration to which the entity will be entitled. In addition, an entity shall consider all the information (historical, current, and forecast) that is reasonably available to the entity and shall identify a reasonable number of possible consideration amounts. The information that an entity uses to estimate the amount of variable consideration typically would be similar to the information that the entity's management uses during the bid-and-proposal process and in establishing prices for promised goods or services.

## > > >    Refund Liabilities

**606-10-32-10**  An entity shall recognize a refund liability if the entity receives consideration from a customer and expects to refund some or all of that consideration to the customer. A refund liability is measured at the amount of consideration received (or receivable) for which the entity does not expect to be entitled (that is, amounts not included in the **transaction price**). The refund liability (and corresponding change in the transaction price and, therefore, the **contract liability**) shall be updated at the end of each reporting period for changes in circumstances. To account for a refund liability relating to a sale with a right of return, an entity shall apply the guidance in paragraphs 606-10-55-22 through 55-29.

### > > >    Constraining Estimates of Variable Consideration

**606-10-32-11**  An entity shall include in the transaction price some or all of an amount of variable consideration estimated in accordance with paragraph 606-10-32-8 only to the extent that it is **probable** that a significant reversal in the amount of cumulative **revenue** recognized will not occur when the uncertainty associated with the variable consideration is subsequently resolved.

**606-10-32-12**  In assessing whether it is probable that a significant reversal in the amount of cumulative revenue recognized will not occur once the uncertainty related to the variable consideration is subsequently resolved, an entity shall consider both the likelihood and the magnitude of the revenue reversal. Factors that could increase the likelihood or the magnitude of a revenue reversal include, but are not limited to, any of the following:

a.  The amount of consideration is highly susceptible to factors outside the entity's influence. Those factors may include volatility in a market, the judgment or actions of third parties, weather conditions, and a high risk of obsolescence of the promised good or service.

b.  The uncertainty about the amount of consideration is not expected to be resolved for a long period of time.

c.  The entity's experience (or other evidence) with similar types of contracts is limited, or that experience (or other evidence) has limited predictive value.

d.  The entity has a practice of either offering a broad range of price concessions or changing the payment terms and conditions of similar contracts in similar circumstances.

e.  The contract has a large number and broad range of possible consideration amounts.

**606-10-32-13**  An entity shall apply paragraph 606-10-55-65 to account for consideration in the form of a sales-based or usage-based royalty that is promised in exchange for a license of intellectual property.

### > > >    Reassessment of Variable Consideration

**606-10-32-14**  At the end of each reporting period, an entity shall update the estimated transaction price (including updating its assessment of whether an estimate of variable consideration is constrained) to represent faithfully the circumstances present at the end of the reporting period and the changes in circumstances during the reporting period. The entity shall account for changes in the transaction price in accordance with paragraphs 606-10-32-42 through 32-45.

### > >   The Existence of a Significant Financing Component in the Contract

**606-10-32-15**  In determining the transaction price, an entity shall adjust the promised amount of consideration for the effects of the time value of money if the timing of payments agreed to by the parties to the **contract** (either explicitly or implicitly) provides the **customer** or the entity with a significant benefit of financing the transfer of goods or services to the customer. In those circumstances, the contract contains a significant financing component. A significant financing component may exist regardless of whether the promise of financing is explicitly stated in the contract or implied by the payment terms agreed to by the parties to the contract.

**606-10-32-16**   The objective when adjusting the promised amount of consideration for a significant financing component is for an entity to recognize **revenue** at an amount that reflects the price that a customer would have paid for the promised goods or services if the customer had paid cash for those goods or services when (or as) they transfer to the customer (that is, the cash selling price). An entity shall consider all relevant facts and circumstances in assessing whether a contract contains a financing component and whether that financing component is significant to the contract, including both of the following:

   a.  The difference, if any, between the amount of promised consideration and the cash selling price of the promised goods or services

   b.  The combined effect of both of the following:

      1.  The expected length of time between when the entity transfers the promised goods or services to the customer and when the customer pays for those goods or services

      2.  The prevailing interest rates in the relevant market.

**606-10-32-17**   Notwithstanding the assessment in paragraph 606-10-32-16, a contract with a customer would not have a significant financing component if any of the following factors exist:

   a.  The customer paid for the goods or services in advance, and the timing of the transfer of those goods or services is at the discretion of the customer.

   b.  A substantial amount of the consideration promised by the customer is variable, and the amount or timing of that consideration varies on the basis of the occurrence or nonoccurrence of a future event that is not substantially within the control of the customer or the entity (for example, if the consideration is a sales-based royalty).

   c.  The difference between the promised consideration and the cash selling price of the good or service (as described in paragraph 606-10-32-16) arises for reasons other than the provision of finance to either the customer or the entity, and the difference between those amounts is proportional to the reason for the difference. For example, the payment terms might provide the entity or the customer with protection from the other party failing to adequately complete some or all of its obligations under the contract.

**606-10-32-18**   As a practical expedient, an entity need not adjust the promised amount of consideration for the effects of a significant financing component if the entity expects, at contract inception, that the period between when the entity transfers a promised good or service to a customer and when the customer pays for that good or service will be one year or less.

**606-10-32-19**   To meet the objective in paragraph 606-10-32-16 when adjusting the promised amount of consideration for a significant financing component, an entity shall use the discount rate that would be reflected in a separate financing transaction between the entity and its customer at contract inception. That rate would reflect the credit characteristics of the party receiving financing in the contract, as well as any collateral or security provided by the customer or the entity, including assets transferred in the contract. An entity may be able to determine that rate by identifying the rate that discounts the nominal amount of the promised consideration to the price that the customer would pay in cash for the goods or services when (or as) they transfer to the customer. After contract inception, an entity shall not update the discount rate for changes in interest rates or other circumstances (such as a change in the assessment of the customer's credit risk).

**606-10-32-20**   An entity shall present the effects of financing (interest income or interest expense) separately from revenue from contracts with customers in the statement of comprehensive income (statement of activities). Interest income or interest expense is recognized only to the extent that a **contract asset** (or receivable) or a **contract liability** is recognized in accounting for a contract with a customer. In accounting for the effects of the time value of money, an entity also shall consider the subsequent measurement guidance in Subtopic 835-30, specifically the guidance in paragraphs 835-30-45-1A through 45-3 on presentation of the discount and premium in the financial statements and the guidance in paragraphs 835-30-55-2 through 55-3 on the application of the interest method.

> > **Noncash Consideration**

**606-10-32-21**   To determine the **transaction price** for **contracts** in which a **customer** promises consideration in a form other than cash, an entity shall measure the estimated fair value of the noncash consideration at contract inception (that is, the date at which the criteria in paragraph 606-10-25-1 are met).

**606-10-32-22**   If an entity cannot reasonably estimate the fair value of the noncash consideration, the entity shall measure the consideration indirectly by reference to the **standalone selling price** of the goods or services promised to the customer (or class of customer) in exchange for the consideration.

**606-10-32-23**   The fair value of the noncash consideration may vary after contract inception because of the form of the consideration (for example, a change in the price of a share to which an entity is entitled to receive from a customer). Changes in the fair value of noncash consideration after contract inception that are due to the form of the consideration are not included in the transaction price. If the fair value of the noncash consideration promised by a customer varies for reasons other than the form of the consideration (for example, the exercise price of a share option changes because of the entity's performance), an entity shall apply the guidance on variable consideration in paragraphs 606-10-32-5 through 32-14. If the fair value of the noncash consideration varies because of the form of the consideration and for reasons other than the form of the consideration, an entity shall apply the guidance in paragraphs 606-10-32-5 through 32-14 on variable consideration only to the variability resulting from reasons other than the form of the consideration.

**606-10-32-24**   If a customer contributes goods or services (for example, materials, equipment, or labor) to facilitate an entity's fulfillment of the contract, the entity shall assess whether it obtains control of those contributed goods or services. If so, the entity shall account for the contributed goods or services as noncash consideration received from the customer.

> > **Consideration Payable to a Customer**

**606-10-32-25**   Consideration payable to a **customer** includes:

a.  Cash amounts that an entity pays, or expects to pay, to the customer (or to other parties that purchase the entity's goods or services from the customer)

b.  Credit or other items (for example, a coupon or voucher) that can be applied against amounts owed to the entity (or to other parties that purchase the entity's goods or services from the customer)

c.  Equity instruments (liability or equity classified) granted in conjunction with selling goods or services (for example, shares, share options, or other equity instruments).

An entity shall account for consideration payable to a customer as a reduction of the **transaction price** and, therefore, of **revenue** unless the payment to the customer is in exchange for a distinct good or service (as described in paragraphs 606-10-25-18 through 25-22) that the customer transfers to the entity. If the consideration payable to a customer includes a variable amount, an entity shall estimate the transaction price (including assessing whether the estimate of variable consideration is constrained) in accordance with paragraphs 606-10-32-5 through 32-13.

**606-10-32-25A**   Equity instruments granted by an entity in conjunction with selling goods or services shall be measured and classified under Topic 718 on stock compensation. The equity instrument shall be measured at the **grant date** in accordance with Topic 718 (for both equity-classified and liability-classified share-based payment awards). Changes in the measurement of the equity instrument (through the application of Topic 718) after the grant date that are due to the form of the consideration shall not be included in the transaction price. Any changes due to the form of the consideration shall be reflected elsewhere in the grantor's income statement. See paragraphs 606-10-55-88A through 55-88B for implementation guidance on equity instruments granted as consideration payable to a customer.

**606-10-32-26**   If consideration payable to a customer is a payment for a distinct good or service from the customer, then an entity shall account for the purchase of the good or service in the same way that it accounts for other purchases from suppliers. If the amount of consideration payable to the customer

exceeds the fair value of the distinct good or service that the entity receives from the customer, then the entity shall account for such an excess as a reduction of the transaction price. If the entity cannot reasonably estimate the fair value of the good or service received from the customer, it shall account for all of the consideration payable to the customer as a reduction of the transaction price.

**606-10-32-27**   Accordingly, if consideration payable to a customer is accounted for as a reduction of the transaction price, an entity shall recognize the reduction of revenue when (or as) the later of either of the following events occurs:

    a.  The entity recognizes revenue for the transfer of the related goods or services to the customer.

    b.  The entity pays or promises to pay the consideration (even if the payment is conditional on a future event). That promise might be implied by the entity's customary business practices.

## >    Allocating the Transaction Price to Performance Obligations

**606-10-32-28**   **The objective when allocating the transaction price is for an entity to allocate the transaction price to each performance obligation (or distinct good or service) in an amount that depicts the amount of consideration to which the entity expects to be entitled in exchange for transferring the promised goods or services to the customer.**

**606-10-32-29**   To meet the allocation objective, an entity shall allocate the transaction price to each performance obligation identified in the **contract** on a relative **standalone selling price** basis in accordance with paragraphs 606-10-32-31 through 32-35, except as specified in paragraphs 606-10-32-36 through 32-38 (for allocating discounts) and paragraphs 606-10-32-39 through 32-41 (for allocating consideration that includes variable amounts).

**606-10-32-30**   Paragraphs 606-10-32-31 through 32-41 do not apply if a contract has only one performance obligation. However, paragraphs 606-10-32-39 through 32-41 may apply if an entity promises to transfer a series of distinct goods or services identified as a single performance obligation in accordance with paragraph 606-10-25-14(b) and the promised consideration includes variable amounts.

## > >    Allocation Based on Standalone Selling Prices

**606-10-32-31**   To allocate the **transaction price** to each **performance obligation** on a relative **standalone selling price** basis, an entity shall determine the standalone selling price at contract inception of the distinct good or service underlying each performance obligation in the **contract** and allocate the transaction price in proportion to those standalone selling prices.

**606-10-32-32**   The standalone selling price is the price at which an entity would sell a promised good or service separately to a **customer**. The best evidence of a standalone selling price is the observable price of a good or service when the entity sells that good or service separately in similar circumstances and to similar customers. A contractually stated price or a list price for a good or service may be (but shall not be presumed to be) the standalone selling price of that good or service.

**606-10-32-33**   If a standalone selling price is not directly observable, an entity shall estimate the standalone selling price at an amount that would result in the allocation of the transaction price meeting the allocation objective in paragraph 606-10-32-28. When estimating a standalone selling price, an entity shall consider all information (including market conditions, entity-specific factors, and information about the customer or class of customer) that is reasonably available to the entity. In doing so, an entity shall maximize the use of observable inputs and apply estimation methods consistently in similar circumstances.

**606-10-32-34**   Suitable methods for estimating the standalone selling price of a good or service include, but are not limited to, the following:

    a.  Adjusted market assessment approach—An entity could evaluate the market in which it sells goods or services and estimate the price that a customer in that market would be willing to pay for those goods or services. That approach also might include referring to prices from the entity's competitors for similar goods or services and adjusting those prices as necessary to reflect the entity's costs and

margins:

b.  Expected cost plus a margin approach—An entity could forecast its expected costs of satisfying a performance obligation and then add an appropriate margin for that good or service.

c.  Residual approach—An entity may estimate the standalone selling price by reference to the total transaction price less the sum of the observable standalone selling prices of other goods or services promised in the contract. However, an entity may use a residual approach to estimate, in accordance with paragraph 606-10-32-33, the standalone selling price of a good or service only if one of the following criteria is met:

   1.  The entity sells the same good or service to different customers (at or near the same time) for a broad range of amounts (that is, the selling price is highly variable because a representative standalone selling price is not discernible from past transactions or other observable evidence).

   2.  The entity has not yet established a price for that good or service, and the good or service has not previously been sold on a standalone basis (that is, the selling price is uncertain).

**606-10-32-35**   A combination of methods may need to be used to estimate the standalone selling prices of the goods or services promised in the contract if two or more of those goods or services have highly variable or uncertain standalone selling prices. For example, an entity may use a residual approach to estimate the aggregate standalone selling price for those promised goods or services with highly variable or uncertain standalone selling prices and then use another method to estimate the standalone selling prices of the individual goods or services relative to that estimated aggregate standalone selling price determined by the residual approach. When an entity uses a combination of methods to estimate the standalone selling price of each promised good or service in the contract, the entity shall evaluate whether allocating the transaction price at those estimated standalone selling prices would be consistent with the allocation objective in paragraph 606-10-32-28 and the guidance on estimating standalone selling prices in paragraph 606-10-32-33.

## > >   Allocation of a Discount

**606-10-32-36**   A **customer** receives a discount for purchasing a bundle of goods or services if the sum of the **standalone selling prices** of those promised goods or services in the **contract** exceeds the promised consideration in a contract. Except when an entity has observable evidence in accordance with paragraph 606-10-32-37 that the entire discount relates to only one or more, but not all, **performance obligations** in a contract, the entity shall allocate a discount proportionately to all performance obligations in the contract. The proportionate allocation of the discount in those circumstances is a consequence of the entity allocating the **transaction price** to each performance obligation on the basis of the relative standalone selling prices of the underlying distinct goods or services.

**606-10-32-37**   An entity shall allocate a discount entirely to one or more, but not all, performance obligations in the contract if all of the following criteria are met:

   a.  The entity regularly sells each distinct good or service (or each bundle of distinct goods or services) in the contract on a standalone basis.

   b.  The entity also regularly sells on a standalone basis a bundle (or bundles) of some of those distinct goods or services at a discount to the standalone selling prices of the goods or services in each bundle.

   c.  The discount attributable to each bundle of goods or services described in (b) is substantially the same as the discount in the contract, and an analysis of the goods or services in each bundle provides observable evidence of the performance obligation (or performance obligations) to which the entire discount in the contract belongs.

**606-10-32-38**   If a discount is allocated entirely to one or more performance obligations in the contract in accordance with paragraph 606-10-32-37, an entity shall allocate the discount before using the residual

approach to estimate the standalone selling price of a good or service in accordance with paragraph 606-10-32-34(c).

## > > Allocation of Variable Consideration

**606-10-32-39**   Variable consideration that is promised in a **contract** may be attributable to the entire contract or to a specific part of the contract, such as either of the following:

a.  One or more, but not all, **performance obligations** in the contract (for example, a bonus may be contingent on an entity transferring a promised good or service within a specified period of time)

b.  One or more, but not all, distinct goods or services promised in a series of distinct goods or services that forms part of a single performance obligation in accordance with paragraph 606-10-25-14(b) (for example, the consideration promised for the second year of a two-year cleaning service contract will increase on the basis of movements in a specified inflation index).

**606-10-32-40**   An entity shall allocate a variable amount (and subsequent changes to that amount) entirely to a performance obligation or to a distinct good or service that forms part of a single performance obligation in accordance with paragraph 606-10-25-14(b) if both of the following criteria are met:

a.  The terms of a variable payment relate specifically to the entity's efforts to satisfy the performance obligation or transfer the distinct good or service (or to a specific outcome from satisfying the performance obligation or transferring the distinct good or service).

b.  Allocating the variable amount of consideration entirely to the performance obligation or the distinct good or service is consistent with the allocation objective in paragraph 606-10-32-28 when considering all of the performance obligations and payment terms in the contract.

**606-10-32-41**   The allocation requirements in paragraphs 606-10-32-28 through 32-38 shall be applied to allocate the remaining amount of the transaction price that does not meet the criteria in paragraph 606-10-32-40.

## > Changes in the Transaction Price

**606-10-32-42**   After contract inception, the **transaction price** can change for various reasons, including the resolution of uncertain events or other changes in circumstances that change the amount of consideration to which an entity expects to be entitled in exchange for the promised goods or services.

**606-10-32-43**   An entity shall allocate to the **performance obligations** in the contract any subsequent changes in the transaction price on the same basis as at contract inception. Consequently, an entity shall not reallocate the transaction price to reflect changes in **standalone selling prices** after contract inception. Amounts allocated to a satisfied performance obligation shall be recognized as **revenue**, or as a reduction of revenue, in the period in which the transaction price changes.

**606-10-32-44**   An entity shall allocate a change in the transaction price entirely to one or more, but not all, performance obligations or distinct goods or services promised in a series that forms part of a single performance obligation in accordance with paragraph 606-10-25-14(b) only if the criteria in paragraph 606-10-32-40 on allocating variable consideration are met.

**606-10-32-45**   An entity shall account for a change in the transaction price that arises as a result of a contract modification in accordance with paragraphs 606-10-25-10 through 25-13. However, for a change in the transaction price that occurs after a contract modification, an entity shall apply paragraphs 606-10-32-42 through 32-44 to allocate the change in the transaction price in whichever of the following ways is applicable:

a.  An entity shall allocate the change in the transaction price to the performance obligations identified in the contract before the modification if, and to the extent that, the change in the transaction price is attributable to an amount of variable consideration promised before the modification and the

modification is accounted for in accordance with paragraph 606-10-25-13(a).

b.  In all other cases in which the modification was not accounted for as a separate contract in accordance with paragraph 606-10-25-12, an entity shall allocate the change in the transaction price to the performance obligations in the modified contract (that is, the performance obligations that were unsatisfied or partially unsatisfied immediately after the modification).