**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BO SHEN, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No. 3:20-cv-00691-D |
| EXELA TECHNOLOGIES, INC., RONALD COGBURN,  JAMES G. REYNOLDS AND PAR CHADHA, | § § § § | |
| Defendants. | § § § | |

**DEFENDANTS' ORIGINAL ANSWER TO LEAD PLAINTIFFS'
SECOND AMENDED CLASS ACTION COMPLAINT**

- 1 -

Defendants Exela Technologies, Inc. ("Exela"), Ronald Cogburn, James G. Reynolds, and Par Chadha (the "Individual Defendants") (together with Exela, "Defendants") answer Plaintiffs' Second Amended Class Action Complaint (the "Complaint") as set forth below.  Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Complaint.  Each numbered paragraph below is directed at the corresponding numbered paragraph in the Complaint. A statement that Defendants admit or deny the allegations in "this paragraph" means that Defendants admit or deny the allegations in the corresponding numbered paragraph of the Complaint, including the allegations in any subparts or bullet points contained within or below that paragraph.  A statement that Defendants "otherwise deny the allegations in this paragraph" means that Defendants deny all allegations in the corresponding numbered paragraph except as expressly admitted in this Answer.  All allegations not expressly admitted herein, including those contained in the headings, footnotes, and in non-numbered paragraphs, are denied.[1]  Defendants also deny the allegations in the introductory paragraph of the Complaint.

## RESPONSES TO "NATURE OF THE ACTION" ALLEGATIONS

1.    Defendants admit that Plaintiffs seek to represent a putative class of persons or entities who or which purchased or acquired Exela securities between March 16, 2018 and March 16, 2020, inclusive (the "Class Period") and are seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  Defendants deny that a class is properly certified or that Plaintiffs' claims are meritorious.  To the extent any further response is necessary, Defendants otherwise deny the allegations in this paragraph.

---

[1] Certain headings from the Complaint are copied in this Answer solely for sake of convenience and are not to be construed as an admission to the substance of the headings.  To the extent any further response is required, Defendants expressly deny all allegations contained in the headings.

2.      Defendants admit that Exela is a location-agnostic global business process automation ("BPA") provider combining industry-specific and multi-industry enterprise software and solutions worldwide, that it was formed by the merger of SourceHOV and Novitex through a special purpose acquisition company Quinpario Acquisition Corp. 2 in July 2017 (the "Merger"). The Merger was intended to enhance Exela's position in the business processing industry. Following the Merger, SourceHOV was Exela's largest operating segment.  To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

3.      Defendants admit that the Individual Defendants in this action—Par Chadha, Ronald Cogburn, and Jim Reynolds—were officers and/or directors of SourceHOV prior to the Merger, and that they continued to serve as officers and/or directors of SourceHOV as a subsidiary of Exela during the Class Period.  Defendants further admit that, at Exela during the Class Period, Chadha was Board Chair, Cogburn was CEO, and Reynolds was CFO.  Defendants further admit that the Individual Defendants previously served as officers, partners, or directors at an entity called Hands On Global Management ("HGM").  To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

4.      Defendants admit that Exela planned to combine the capabilities and solutions offered by SourceHOV and Novitex to drive improvements in the combined company's financial performance and balance sheet, while considering future acquisition opportunities.  To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

5.      Defendants admit that Exela reported a non -GAAP financial metric called adjusted EBITDA, which was accurately described in Exela's financial statements during the alleged Class Period.  Defendants also admit that Exela made public disclosures regarding adjusted EBITDA that speak for themselves and deny the allegations in this paragraph to the extent they misquote

Exela's public disclosures or take them out of context. To the extent any further response is required, Defendants otherwise deny the allegations in this paragraph.

6.      A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited press release, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

7.      A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited press release, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

8.      Defendants deny the allegations in this paragraph.

9.      Defendants deny the allegations in this paragraph.

10.     Defendants admit that an action styled *Manichaean Capital, LLC et al. v. SourceHOV Holdings, Inc. et al.* (the "Appraisal Action") was filed in the Delaware Court of Chancery. Defendants otherwise deny the allegations in this paragraph.

11.     Defendants admit that an action styled *Manichaean Cap., LLC v. Exela Techs., Inc.* (the "Veil Piercing Action") was filed in the Delaware Court of Chancery, and that the court issued an opinion on Exela's motion to dismiss in that action. Defendants otherwise deny the allegations in this paragraph.

12.    Defendants deny the allegations in this paragraph.

13.    Defendants deny the allegations in this paragraph.

14.    Defendants deny the allegations in this paragraph.

15.    Defendants deny the allegations in this paragraph.

16.    Defendants deny the allegations in this paragraph.

17.    Defendants deny the allegations in this paragraph, including the statements attributed to the Moody's press release.

18.    Defendants deny the allegations in this paragraph.

19.    Defendants deny the allegations in this paragraph.

20.    Defendants deny the allegations in this paragraph.

21.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

22.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

23.    Defendants deny the allegations in this paragraph.

**RESPONSES TO JURISDICTION AND VENUE ALLEGATIONS**

24.    This paragraph states a legal conclusion for which no response is required.  To the extent any further response is required, Defendants deny that the claims asserted in this action are meritorious and otherwise deny the allegations in this paragraph.

25.    This paragraph states a legal conclusion for which no response is required.  To the extent any further response is required, Defendants admit the Court has subject-matter jurisdiction over the purported federal securities claims asserted in this matter, but otherwise deny the allegations in this paragraph.

26.    This paragraph states a legal conclusion for which no response is required.  To the extent any further response is required, Defendants admit that venue is proper in this Court, but otherwise deny the allegations in this paragraph.

27.    This paragraph states a legal conclusion for which no response is required.  To the extent any further response is required, Defendants admit that Plaintiffs purport to assert claims relating to interstate commerce, but deny that Plaintiffs' claims have merit and otherwise deny the allegations in this paragraph.

**RESPONSES TO ALLEGATIONS ABOUT IDENTITY OF PARTIES**

28.    Defendants deny the allegations in this paragraph.

29.    Defendants deny the allegations in this paragraph.

30.    Defendants admit that Exela is a Delaware corporation, that it maintains its principal executive offices at 2701 E. Grauwyler Rd, Irving, TX 75601 and that its securities trade on the NASDAQ Global Select Market (the "NASDAQ") under the ticker symbol "XELA." Defendants deny that the market for Exela securities is efficient and otherwise deny the allegations in this paragraph.

31.     Defendants admit that Defendant Ronald Cogburn ("Cogburn") served as the Chief Executive Officer of Exela and on its Board of Directors during the alleged Class Period, that he was previously CEO of SourceHOV, that he served as an officer or employee of companies that were predecessors to SourceHOV since 1993, that he has substantial experience in executive management, construction claims consulting, litigation support, program management, project management, cost estimating, damages assessment and general building construction, that he has been a principal of HGM since 2003, and that he has a BSCE in Structural Design/Construction Management from Texas A&M University and is a registered Professional Engineer.

32.     Defendants admit that Cogburn signed various SEC filings made by Exela, which speak for themselves.  Defendants deny the allegations to the extent they mischaracterize Cogburn's involvement with any public statements or filings by Exela (or the contents thereof) and otherwise deny the allegations in this paragraph.

33.     Defendants admit that Defendant James G. Reynolds ("Reynolds") has served as Exela's Chief Financial Officer ("CFO") during the alleged Class Period, that he previously served as the Co-Chair of SourceHOV, that he also previously served as the Chief Operating Officer and Partner at HMG, that he has held multiple executive management or senior advisory positions at SourceHOV and its subsidiaries and predecessor companies, including serving as Chief Financial Officer for HOV Services, LLC from 2007 to 2011 and Vice President and Corporate Controller for Lason from 2001 to 2006, that he previously served as a Senior Manager in the Business Advisory Services Practice at PricewaterhouseCoopers from 1990 to 2001, that he is a C.P.A., and that he holds a B.S. in Accounting from Michigan State University.  Defendants otherwise deny the allegations in this paragraph.

34.      Defendants admit that Reynolds signed various SEC filings made by Exela, which speak for themselves.   Defendants deny the allegations to the extent they mischaracterize Reynolds' involvement with any public statements or filings by Exela (or the contents thereof) and otherwise deny the allegations in this paragraph.

35.      Defendants admit that Chadha is the Chair of the Board of Directors for Exela and is the founder, Chief Executive Officer and Chief Investment Officer of HandsOn Global Management, that he previously served as Chair of SourceHOV from 2011 until the closing of the Merger, that he has substantial experience in building businesses in the Americas, Europe and Asia, including execution of mergers and acquisitions, integration of businesses and public, and that he is co-founder of Rule 14, LLC, a portfolio company of HGM formed in 2011 that provided data mining and automation services.  Defendants otherwise deny the allegations in this paragraph.

36.      Defendants admit the allegations in this paragraph.

37.      A portion of this paragraph purports to quote from an Exela Form 10-K/A and proxy statement.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K and proxy statement, which speak for themselves.  Defendants also deny the allegations in the first sentence of this paragraph and in the portion of the last sentence in the paragraph after the semicolon.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

38.      A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this

paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in the paragraph.

39.     The first sentence of this paragraph purports to state a legal conclusion for which no response is required.  To the extent any further response is required, Defendants deny the allegations in that sentence.  As for the second sentence, Defendants admit that Exela's Form 10-K for 2017 and 2018 each contains a list of signatures that speaks for itself.  Defendants deny the second sentence of the paragraph to the extent it mischaracterizes those documents and refers Plaintiffs to the cited Form 10-Ks, which speak for themselves.  To the extent any further response is required Defendants deny the allegations in this paragraph.

40.     This paragraph simply contains naming conventions for the "Individual Defendants" and "Defendants" and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

41.     Defendants deny the allegations in this paragraph.

### RESPONSES TO "BACKGROUND" ALLEGATIONS

42.     Defendants admit the allegations in this paragraph.

43.     Defendants admit the allegations in this paragraph.

44.     Defendants admit that before becoming part of Exela, SourceHOV was a Delaware corporation with its principal place of business in Irving, Texas, that it was formed in 2011 by the merger of two outsourcing service providers, and that Exela owned 100% of SourceHOV following the Merger.  Defendants otherwise deny the allegations in this paragraph.

45.     Defendants admit that SourceHOV provides process outsourcing and financial technology solutions, that it can "combine and classify documents from different sources and in multiple media into a single, navigable structured data package that is then integrated into the wide

variety of internal systems used by SourceHOV's clients," and that it uses technology to make business processes more efficient. Defendants otherwise deny the allegations in this paragraph.

46. Defendants admit that SourceHOV provides business process management and automation services for healthcare entities, such as automating back office functions at a healthcare provider's office, or by processing claims, presenting an explanation of benefits (both print and digital) and helping the healthcare business manage its revenue cycle. Defendants otherwise deny the allegations in this paragraph.

47. Defendants admit that SourceHOV serves law firms with offerings ranging from claims processing and administration, to assistance with discovery and legal collections, and that most of these services are back-office in nature with some software component. Defendants otherwise deny the allegations in this paragraph.

48. Defendants admit the allegations in this paragraph.

49. Defendants admit that SourceHOV engaged in several merger and acquisition transactions before the Merger, including the November 2014 acquisition of BancTec and the 2016 acquisition of TransCentra Inc., which resulted in SourceHOV becoming a larger company. Defendants otherwise deny the allegations in this paragraph.

50. Defendants admit that SourceHOV was not a public company before the Merger and that it used debt financing in connection with certain previous merger and acquisition transactions. Defendants otherwise deny the allegations in this paragraph.

51. Defendants admit that SourceHOV engaged in several merger and acquisition transactions before the Merger, and that in 2017, SourceHOV had 117 operating facilities throughout the world, and employed about 16,000 employees, with $790 million in annual revenue in the full year preceding the Merger. Defendants otherwise deny the allegations in this paragraph.

52. Defendants admit that SourceHOV's assets and debt at the time of the Merger were publicly disclosed. Those disclosures speak for themselves. Defendants deny the allegations to the extent they are inconsistent with those disclosures and, to the extent any further response is required, otherwise deny the allegations in this paragraph.

53. Defendants admit that prior to the Merger, Novitex Holding Inc. ("Novitex") provided back office support services, including mailroom outsourcing, document scanning, printing, and that following the Merger, Novitex rolled up into Novitex Enterprise Solutions, which, together with SourceHOV, is currently part of Exela's ITPS segment. Defendants otherwise deny the allegations in this paragraph.

54. Defendants admit the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. This paragraph contains a generalized and irrelevant purported description of leverage ratios, which does not make any affirmative allegation about Defendants and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

57. This paragraph contains a generalized and irrelevant hypothetical, which does not make any specific affirmative allegation about Defendants and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

58. This paragraph contains a generalized and irrelevant hypothetical, which does not make any specific affirmative allegation about Defendants and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

59. Defendants object that this paragraph is vague, ambiguous, rests in part on facts outside Defendants' personal knowledge, and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

62. Defendants admit that Quinpario was a NASDAQ-listed special purpose acquisition company prior to the Merger. Defendants otherwise deny the allegations in this paragraph.

63. This paragraph contains a generalized description of special purpose acquisition companies ("SPACs"), which does not make any affirmative allegation about Defendants, rests at least in part on facts outside of Defendants' personal knowledge, and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

64. This paragraph contains a generalized description of SPACs, which does not make any affirmative allegation about Defendants, rests at least in part on facts outside of Defendants' personal knowledge, and thus need not be admitted nor denied. To the extent any further response is required, Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants admit that Quinpario, SourceHOV, Novitex and other parties executed a Business Combination Agreement formalizing a three way merger after the prior signing of a letter of intent. Defendants otherwise deny the allegations in this paragraph.

68.    Defendants admit that the terms of the Merger were set forth in the Business Combination Agreement.  Defendants deny the allegations in this paragraph to the extent inconsistent with the Business Combination Agreement and, to the extent any further response is required, otherwise deny the allegations in this paragraph.

69.    Defendants deny the allegations in this paragraph.

70.    Defendants admit that the terms of the Merger were set forth in the Business Combination Agreement.  Defendants deny the allegations in this paragraph to the extent inconsistent with the Business Combination Agreement and, to the extent any further response is required, otherwise deny the allegations in this paragraph.

71.    Defendants admit that certain parties to the Merger retained investment bankers to provide various services.  Defendants otherwise deny the allegations in this paragraph.

72.    Defendants deny the allegations in this paragraph.

73.    Defendants admit that Manichaean Capital, LLC ("Manichaean") acquired SourceHOV shares as reflected in Exela's public SEC filings.  Defendants deny the allegations in this paragraph to the extent inconsistent with those filings and, to the extent any further response is required, otherwise deny the allegations in this paragraph.

74.    A portion of this paragraph contains allegations about how Manichaean purportedly "felt" regarding the Merger.  Defendants object that this allegation is subjective and outside the personal knowledge of Defendants, and thus need not be admitted or denied.  To the extent any further response is required, Defendants admit that Manichaean filed the Appraisal Action, but deny that Manichaean's claims were meritorious and otherwise deny the allegations in this paragraph.

75.    Defendants deny the allegations in this paragraph.

76.    Defendants deny the allegations in this paragraph.

77.    Defendants deny the allegations in this paragraph.

78.    Defendants deny the allegations in this paragraph.

79.    Defendants deny the allegations in this paragraph.

80.    A portion of this paragraph purports to quote from the Chancery Court's opinion in the Appraisal Action and thus does not require a response.  Defendants admit that Chadha gave deposition and trial testimony in the Appraisal Action, but deny that the claims in the Appraisal Action were meritorious, deny the characterization of Chadha's testimony as set forth in the Chancery Court opinion (and in this paragraph), deny all allegations made in the non-quoted portion of the paragraph, and respectfully deny that the Chancery Court's conclusions were correct. To the extent any further response is required, Defendants deny the allegations in this paragraph.

81.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny  the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

82.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Chadha's testimony.

83.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the

cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

84.    Defendants deny the allegations in this paragraph.

85.    Defendants deny the allegations in this paragraph.

86.    Defendants deny the allegations in this paragraph.

87.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Chadha's testimony.

88.    Defendants deny the allegations in this paragraph.

89.    Defendants deny the allegations in this paragraph.

90.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

91.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants admit that Chadha gave testimony in the Appraisal Action, but deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is

required, Defendants deny the allegations in this paragraph, including the characterization of Chadha's testimony.

92.     A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

93.     A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Chadha's testimony.

94.     A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.  Jarrell

95.     Defendants deny the allegations in this paragraph.

96.     Defendants deny the allegations in this paragraph.

97.     A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Chadha's testimony.

98. Defendants deny the allegations in this paragraph.

99. Defendants deny the allegations in this paragraph, including the footnote.

100. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

101. Defendants deny the allegations in this paragraph.

102. Defendants deny the allegations in this paragraph.

103. This paragraph contains legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in this paragraph.

104. This paragraph contains legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in this paragraph.

105. This paragraph contains legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in this paragraph.

106. This paragraph contains legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in this paragraph.

107. This paragraph contains legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in this paragraph.

108. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the

cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

109. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

110. Defendants deny the allegations in this paragraph.

111. Defendants deny the allegations in this paragraph.

112. Defendants deny the allegations in this paragraph.

113. Defendants admit that SourceHOV acquired BancTec and TransCentra. Defendants otherwise deny the allegations in this paragraph.

114. Defendants admit that SourceHOV acquired a company called Asterion. Defendants otherwise deny the allegations in this paragraph.

115. A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

116. Defendants deny the allegations in this paragraph.

117. Defendants deny the allegations in this paragraph.

118.    Defendants deny the allegations in this paragraph.

119.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

120.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

121.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

122.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

123.    A portion of this paragraph purports to quote part of Anubhav Verma's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining

allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Verma's testimony.

124. A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.

125. A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.

126. A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.

127. A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.

128.   Defendants deny the allegations in this paragraph.

129.   A portion of this paragraph purports to quote part of Jarrell's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph, including the characterization of Jarrell's testimony.

130.   Defendants deny the allegations in this paragraph.

131.   Defendants deny the allegations in this paragraph.

132.   Defendants deny the allegations in this paragraph.

133.   Defendants admit that Chadha was Chair of SourceHOV immediately prior to the Merger and served as Chair of Exela following the Merger.  Defendants also admit that Chadha beneficially owned stock in Exela to the extent publicly reported in Exela's SEC filings. Defendants otherwise deny the allegations in this paragraph.

134.   Defendants admit that Reynolds served as CFO of Exela following the Merger. Defendants otherwise deny the allegations in this paragraph.

135.   Defendants admit that Cogburn was CEO of SourceHOV immediately prior to the Merger and served as CEO of Exela following the Merger.  Defendants otherwise deny the allegations in this paragraph.

136.   Defendants admit that Verma was previously an SVP of Finance at SourceHOV and testified in the Appraisal Action.  Defendants otherwise deny the allegations in this paragraph.

137.   Defendants admit that Shrikant Sortur was an SVP of Finance at SourceHOV prior to the Merger.  Defendants otherwise deny the allegations in this paragraph.

138.   Defendants admit that Andrej Jonovic was previously an HGM managing director. Defendants otherwise deny the allegations in this paragraph.

139.   A portion of this paragraph purports to quote from the Chancery Court's opinion in the Veil Piercing Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

140.   A portion of this paragraph purports to quote from the Chancery Court's opinion in the Veil Piercing Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

141.   A portion of this paragraph purports to quote from the Chancery Court's opinion in the Veil Piercing Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

142.   Defendants deny the allegations in this paragraph.

143.   A portion of this paragraph purports to quote from discovery responses in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

144.   Defendants admit that the corporate address for Exela, SourceHOV, and SourceHOV LLC is 2701 E. Grauwyler Road, Irving, Texas 75061.  Defendants otherwise deny the allegations in this paragraph.

145.   Defendants deny the allegations in this paragraph.

146.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

147.    Defendants deny the allegations in this paragraph.

148.    A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

149.    Defendants deny the allegations in this paragraph.

150.    Defendants deny the allegations in this paragraph.

151.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

152.    Defendants deny the allegations in this paragraph.

153.    Defendants deny the allegations in this paragraph.

154.    Defendants deny the allegations in this paragraph.

155.    A portion of this paragraph purports to quote an RBC Markets analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations

in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

156.    Defendants deny the allegations in this paragraph.

157.    A portion of this paragraph purports to quote from various Exela investor presentations instead of making an affirmative factual allegation about Defendants.  No response is required for this portion of the paragraph.  Defendants deny all of the allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

158.    A portion of this paragraph purports to quote from various Exela investor presentations instead of making an affirmative factual allegation about Defendants.  No response is required for this portion of the paragraph.  Defendants deny all of the allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

159.    Defendants deny the allegations in this paragraph.

160.    Defendants deny the allegations in this paragraph.

161.    Defendants deny the allegations in this paragraph.

162.    Defendants deny the allegations in this paragraph.

163.    Defendants deny the allegations in this paragraph.

164.    Defendants deny the allegations in this paragraph.

165.    Defendants deny the allegations in this paragraph.

166.    Defendants deny the allegations in this paragraph.

167.    A portion of this paragraph purports to quote from an Exela earnings call instead of making an affirmative factual allegation about Defendants.  No response is required for this

portion of the paragraph. Defendants deny all of the allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

168.    A portion of this paragraph purports to quote Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

169.    A portion of this paragraph purports to quote various analyst reports and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

170.    A portion of this paragraph purports to quote from an Exela earnings call instead of making an affirmative factual allegation about Defendants. No response is required for this portion of the paragraph. Defendants deny all of the allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

171.    A portion of this paragraph purports to quote from an Exela earnings call instead of making an affirmative factual allegation about Defendants. No response is required for this portion of the paragraph. Defendants deny all of the allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

172.    A portion of this paragraph purports to quote from an Exela earnings call instead of making an affirmative factual allegation about Defendants.  No response is required for this portion of the paragraph.  Defendants deny all of the allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

173.    Defendants deny the allegations in this paragraph.

174.    A portion of this paragraph purports to quote an accounting rule and audit firm practice guidebook, instead of making affirmative factual allegations about Defendants.  This portion does not require a response.  Defendants deny all non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

175.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

176.    Defendants deny the allegations in this paragraph.

177.    A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

178. A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

179. Defendants deny the allegations in this paragraph.

180. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

181. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

182. A portion of this paragraph contains a description of the signature pages of Exela's 2017 and 2018 Form 10-Ks, which speak for themselves. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K signature pages, which speak for themselves. Defendants deny the remaining

portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

183. Defendants deny the allegations in this paragraph.

184. Defendants deny the allegations in this paragraph.

185. Defendants deny the allegations in this paragraph.

186. Defendants deny the allegations in this paragraph.

187. A portion of this paragraph purports to quote from an Exela quarterly financial announcement instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited announcement, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

188. Defendants deny the allegations in this paragraph.

189. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

190. Defendants deny the allegations in this paragraph.

191. A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations

in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

192. A portion of this paragraph purports to quote a Morgan Stanley analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

193. Defendants deny the allegations in this paragraph.

194. A portion of this paragraph purports to quote from an Exela quarterly financial announcement instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited announcement, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

195. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

196. Defendants deny the allegations in this paragraph.

197. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not

required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

198. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

199. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

200. A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny all allegations in this paragraph.

201. Defendants deny the allegations in this paragraph.

202. Defendants deny the allegations in this paragraph.

203.    Defendants deny the allegations in this paragraph.

204.    Defendants deny the allegations in this paragraph.

205.    Defendants deny the allegations in this paragraph.

206.    Defendants deny the allegations in this paragraph.

207.    Defendants deny the allegations in this paragraph.

208.    A portion of this paragraph purports to quote a Morgan Stanley analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

209.    Defendants deny the allegations in this paragraph.

210.    A portion of this paragraph purports to quote a Moody's press release and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

211.    Defendants deny the allegations in this paragraph.

212.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

213.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

214.    A portion of this paragraph purports to quote an RBC analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

215.    Defendants deny the allegations in this paragraph.

216.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

217.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-

quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

218.   A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

219.   A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

220.   Defendants deny the allegations in this paragraph.

221.   A portion of this paragraph purports to quote a Moody's release and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

222.   A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the

press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

223.    A portion of this paragraph purports to quote from an Exela Form 8-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 8-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

224.    A portion of this paragraph purports to quote from an Exela Form 8-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 8-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

225.    Defendants deny the allegations in this paragraph.

226.    Defendants deny the allegations in this paragraph.

227.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

228.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the

Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

229.    A portion of this paragraph purports to summarize information from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

230.    Defendants deny the allegations in this paragraph.

231.    Defendants deny the allegations in this paragraph.

232.    Defendants deny the allegations in this paragraph.

233.    Defendants deny the allegations in this paragraph.

234.    Defendants deny the allegations in this paragraph.

235.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

236.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

237.   Defendants deny the allegations in this paragraph.

238.   Defendants admit that Exela announced a 1-for-3 reverse stock split on January 25, 2021.  Defendants otherwise deny the allegations in this paragraph.

239.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

240.   Defendants deny the allegations in this paragraph.

241.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

242.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

243.   Defendants deny the allegations in this paragraph.

244.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the

Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

245.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the Form 10-K, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

246.    Defendants deny the allegations in this paragraph.

247.    A portion of this paragraph purports to quote from an Exela investor presentation instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited presentation, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

248.    Defendants deny the allegations in this paragraph.

249.    A portion of this paragraph purports to quote from an Exela prospectus supplement instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited document, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

250.    Defendants deny the allegations in this paragraph.

251.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

252.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

253.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

254.    Defendants deny the allegations in this paragraph.

255.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

256.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

257.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

258.    Defendants deny the allegations in this paragraph.

259.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

260.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

261. A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the press release, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

262. Defendants deny the allegations in this paragraph.

263. A portion of this paragraph purports to quote from an Exela investor presentation instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the presentation, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

264. Defendants deny the allegations in this paragraph.

265. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

266. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-

quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

267. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

268. A portion of this paragraph purports to summarize material from an Exela Form 8-K and press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited documents, which speak for themselves. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

269. Defendants deny the allegations in this paragraph.

270. A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the press release, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

271. A portion of this paragraph purports to summarize material from an Exela Form 8-K and press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.

Defendants refer Plaintiffs to the cited documents, which speak for themselves. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

272. A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the press release, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

273. A portion of this paragraph purports to quote from an Exela investor presentation instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the presentation, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

274. Defendants deny the allegations in this paragraph.

275. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

276. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not

required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

277. Defendants deny the allegations in this paragraph.

278. Defendants deny the allegations in this paragraph.

279. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

280. Defendants deny the allegations in this paragraph.

281. Defendants deny the allegations in this paragraph.

282. Defendants deny the allegations in this paragraph.

283. A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the press release, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

284. A portion of this paragraph purports to quote from an Exela investor presentation instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer

Plaintiffs to the presentation, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

285.    A portion of this paragraph purports to quote from an Exela investor presentation instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the presentation, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

286.    Defendants deny the allegations in this paragraph.

287.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

288.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

289.    Defendants deny the allegations in this paragraph.

290. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

291. Defendants deny the allegations in this paragraph.

292. Defendants deny the allegations in this paragraph.

293. A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself. Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

294. Defendants deny the allegations in this paragraph.

295. A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

296. Defendants deny the allegations in this paragraph.

297.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

298.    Defendants deny the allegations in this paragraph.

299.    A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself.  Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

300.    Defendants deny the allegations in this paragraph.

301.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

302.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the

press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

303.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

304.    Defendants deny the allegations in this paragraph.

305.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

306.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

307.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer

Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

308.   A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

309.   A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

310.   A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

311.   Defendants deny the allegations in this paragraph.

312.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

313.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

314.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

315.    Defendants deny the allegations in this paragraph.

316.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

317.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

318.    Defendants deny the allegations in this paragraph.

319.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

320.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

321.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

322.    Defendants deny the allegations in this paragraph.

323.    A portion of this paragraph purports to quote from an Exela press release instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the press release, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

324.    Defendants deny the allegations in this paragraph.

## RESPONSE TO "LOSS CAUSATION" ALLEGATIONS

325.    Defendants deny the allegations in this paragraph.

326.    Defendants deny the allegations in this paragraph.

327.    Defendants deny the allegations in this paragraph.

328.    Defendants deny the allegations in this paragraph.

329.    Defendants deny the allegations in this paragraph.

330.    Defendants deny the allegations in this paragraph.

331.    A portion of this paragraph purports to quote from an Exela quarterly earnings call instead of making an affirmative factual allegation about Defendants.  Defendants thus are not required to admit or deny the allegations in that portion of the paragraph.  Defendants refer Plaintiffs to the transcript of the cited call, which speaks for itself.  Defendants deny the non-quoted portions of this paragraph.  To the extent any further response is required, Defendants deny the allegations in this paragraph.

332.    Defendants deny the allegations in this paragraph.

333.    Defendants deny the allegations in this paragraph.

334.    Defendants deny the allegations in this paragraph.

335.    A portion of this paragraph purports to quote a Morgan Stanley analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

336.    Defendants deny the allegations in this paragraph.

337.    A portion of this paragraph purports to quote a Moody's press release and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

338.    Defendants deny the allegations in this paragraph.

339.    Defendants deny the allegations in this paragraph.

340.    A portion of this paragraph purports to quote an RBC analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

341.    Defendants deny the allegations in this paragraph.

342.    Defendants deny the allegations in this paragraph.

343.    A portion of this paragraph purports to quote a Cantor Fitzgerald analyst report and thus does not require a response, as it does not contain specific factual assertions against Defendants.  Defendants deny the remaining allegations in the paragraph, including all allegations

in the non-quoted portions of the paragraph.  To the extent any further response is required, Defendants deny all allegations in this paragraph.

344.  Defendants deny the allegations in this paragraph.

345.  Defendants deny the allegations in this paragraph.

**RESPONSE TO PURPORTED "ADDITIONAL SCIENTER" ALLEGATIONS**

346.  Defendants deny the allegations in this paragraph.

347.  Defendants deny the allegations in this paragraph.

348.  Defendants deny the allegations in this paragraph.

349.  Defendants deny the allegations in this paragraph.

350.  Defendants deny the allegations in this paragraph.

351.  Defendants deny the allegations in this paragraph.

352.  Defendants deny the allegations in this paragraph.

353.  Defendants deny the allegations in this paragraph.

354.  Defendants deny the allegations in this paragraph.

355.  Defendants deny the allegations in this paragraph.

356.  This paragraph inaccurately characterizes the underwritten public offering of Ex Sigma-2 stock that closed on or about April 16, 2018 as a stock sale by Chadha.  As publicly disclosed, Ex-Sigma 2 used the net proceeds from this offering to partially repay amounts that were outstanding under the Loan Agreement dated July 12, 2017, to which Ex-Sigma 2 is a party. Defendants deny the allegations in this paragraph.

357.  This paragraph inaccurately characterizes the underwritten public offering of Ex Sigma-2 stock that closed on or about April 16, 2018 as a stock sale by Chadha.  As publicly disclosed, Ex-Sigma 2 used the net proceeds from this offering to partially repay amounts that

were outstanding under the Loan Agreement dated July 12, 2017, to which Ex-Sigma 2 is a party. Defendants deny the allegations in this paragraph.

358.   Defendants deny the allegations in this paragraph.

359.   A portion of this paragraph purports to quote part of Chadha's testimony in the Appraisal Action and thus does not require a response. Defendants deny the remaining allegations in the paragraph, including all allegations in the non-quoted portions of the paragraph. To the extent any further response is required, Defendants deny the allegations in this paragraph.

360.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

361.   A portion of this paragraph purports to quote from an Exela Form 10-K instead of making an affirmative factual allegation about Defendants. Defendants thus are not required to admit or deny the allegations in that portion of the paragraph. Defendants refer Plaintiffs to the cited Form 10-K, which speaks for itself. Defendants deny the remaining allegations in this paragraph, including the allegations that do not directly quote the cited document. To the extent any further response is required, Defendants deny the allegations in this paragraph.

**RESPONSE TO PURPORTED "CORPORATE SCIENTER" ALLEGATIONS**

362.   Defendants deny the allegations in this paragraph.

363.   Defendants deny the allegations in this paragraph.

## RESPONSE TO "CLASS ACTION ALLEGATIONS"

364.    This paragraph recites Plaintiffs' purported class definition and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph and deny that class certification is appropriate.

365.    Defendants deny the allegations in this paragraph.

366.    Defendants deny the allegations in this paragraph.

367.    Defendants deny the allegations in this paragraph.

368.    Defendants deny the allegations in this paragraph and in all subparts.

369.    Defendants deny the allegations in this paragraph.

## RESPONSE TO "PRESUMPTION OF RELIANCE" ALLEGATIONS

370.    Defendants deny the allegations in this paragraph.

371.    Defendants deny the allegations in this paragraph.

372.    Defendants admit that Exela stock was listed on NASDAQ during the alleged Class Period, that Exela filed periodic reports with the SEC and issued press releases at various times during the alleged Class Period, and that Exela was the subject of various analyst reports issued during the alleged Class Period.  Exela otherwise denies the allegations in this paragraph and in all of its subparts.

373.    Defendants deny the allegations in this paragraph.

374.    Defendants deny the allegations in this paragraph.

## RESPONSE TO PSLRA/BESPEAKS CAUTION "INAPPLICABILITY" ALLEGATIONS

375.    Defendants deny the allegations in this paragraph.

376.    Defendants deny the allegations in this paragraph.

377.    Defendants deny the allegations in this paragraph.

## RESPONSE TO CLAIMS FOR RELIEF

378.     This paragraph simply reincorporates Plaintiffs' prior allegations and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph to the same extent Defendants denied the allegations in the paragraphs purportedly incorporated by reference.

379.     This paragraph recites Plaintiffs' purported legal claim, states legal conclusions, and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph and deny that the claim has merit.

380.     Defendants deny the allegations in this paragraph.

381.     Defendants deny the allegations in this paragraph.

382.     Defendants deny the allegations in this paragraph.

383.     Defendants deny the allegations in this paragraph.

384.     Defendants deny the allegations in this paragraph.

385.     This paragraph simply reincorporates Plaintiffs' prior allegations, states legal conclusions, and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph to the same extent Defendants denied the allegations in the paragraphs purportedly incorporated by reference.

386.     This paragraph recites Plaintiffs' purported legal claim, states legal conclusions, and does not require a response.  To the extent any further response is required, Defendants deny the allegations in this paragraph and deny that the claim has merit.

387.     Defendants deny the allegations in this paragraph.

388.     Defendants deny the allegations in this paragraph.

389.     Defendants deny the allegations in this paragraph.

390.    Defendants deny the allegations in this paragraph.

391.    Defendants deny the allegations in this paragraph.

392.    Defendants deny the allegations in this paragraph.

393.    Defendants deny the allegations in this paragraph.

394.    Defendants deny the allegations in this paragraph.

### RESPONSE TO "PRAYER FOR RELIEF"

(a)    Defendants deny that Plaintiffs are entitled to the relief requested in this subparagraph.

(b)    Defendants deny that Plaintiffs are entitled to the relief requested in this subparagraph.

(c)    Defendants deny that Plaintiffs are entitled to the relief requested in this subparagraph.

(d)    Defendants deny that Plaintiffs are entitled to the relief requested in this subparagraph.

### RESPONSE TO JURY DEMAND

This Paragraph simply recites Plaintiffs' jury demand and does not contain any material allegations concerning Defendants, and therefore no response is required. To the extent any further response is required, Defendants deny that Plaintiffs have pled sufficient facts or can adduce sufficient evidence to warrant a jury trial.

### DEFENSES

As additional defenses, Defendants allege, assert, and aver the following defenses, which apply to each and every cause of action asserted in the Complaint against Defendants to which such defense is or may be applicable. By virtue of alleging these defenses, Defendants do not assume the burden of proof or persuasion where such burden is not otherwise legally assigned to

them.  Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action.  Defendants reserve the right to raise additional defenses and to amend, supplement, or otherwise modify those asserted herein upon further analysis and discovery of further information regarding Plaintiffs' claims.

### FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA") by not pleading particularized facts showing that Defendants made material misstatements or omissions, by failing to identify all facts on which Plaintiffs' information and belief allegations are based, by failing to plead particularized facts supporting a strong inference of scienter, and by failing to allege sufficient facts showing loss causation.

### THIRD DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable by the "bespeaks caution" doctrine and the PSLRA safe harbor.

**FOURTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because certain alleged misstatements were forward-looking statements accompanied by meaningful cautionary language and/or were made without actual knowledge that such statements were false or misleading, so as to be rendered non-actionable under the safe harbor provisions of the PSLRA.

**FIFTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that Plaintiffs and the putative class members have not sustained any cognizable injury.

**SIXTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not false or misleading.

**SEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements allegedly attributable to Defendants were not material.

**EIGHTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants neither owed nor breached any duty to Plaintiffs and putative class members to disclose information allegedly omitted from the statements at issue in this case.

**NINTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the supposedly omitted or misrepresented facts were publicly disclosed, either by Defendants or others, and/or would be facts obvious to or knowable by a reasonable investor.

**TENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent the supposedly omitted or misrepresented facts were actually known to Plaintiffs or other putative class members.

**ELEVENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the Individual Defendants acted at all times in good faith and without scienter, and neither knew nor were reckless in not knowing that any alleged misstatements at issue in this case were false or misleading.

**TWELFTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they purchased shares of Exela stock with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of their shares would decline if those risks materialized.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they did not reasonably rely on any allegedly false or misleading statements of material fact when they purchased shares of Exela stock, and the "fraud-on-the-market" presumption of reliance is unavailable.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent they did not rely on the market price of Exela stock in making their investment decisions, and to the extent that the market price of Exela stock was not impacted as a result of any alleged misrepresentation or omission made by Defendants, such that the "fraud-on-the-market" presumption of reliance is unavailable.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they did not rely solely on public information or the integrity of the market when purchasing Exela stock.

**SIXTEENTH DEFENSE**

Plaintiffs and any members of the class that Plaintiffs purport to represent may not recover for the statements allegedly made by securities analysts and/or journalists, or to the extent interviews or statements by Defendants were shown or excerpted out of context.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because there is no loss causation.  Any damages or injuries allegedly suffered by Plaintiffs or putative class members were not legally caused by any act or omission by Defendants.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because of the lack of transaction causation.

### NINETEENTH DEFENSE

Plaintiffs' claims predicated on statements of opinion or belief fail because Plaintiffs cannot prove that those statements were objectively false when made and that each statement misrepresented the speaker's subjective opinion or belief or that material information was omitted that Defendants were required to disclose to make the statements not misleading.

### TWENTIETH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any statements of material fact, alleged omissions of material fact, or other challenged statements, with respect to which the liability of Defendants is asserted, contained sufficient cautionary language or risk disclosure as to be rendered non-actionable.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that they would have acquired Exela stock, even if they had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Plaintiffs propose to assert liability.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged misstatements and omissions, including non-actionable expressions of opinion and puffery, were not material to the investment decisions of a reasonable investor in view of the total mix of available information.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, by the doctrines of waiver, and/or estoppel, and/or laches, and/or unclean hands.

### TWENTY-FOURTH DEFENSE

Plaintiffs' recovery is barred, in whole or in part, for lack of standing.

### TWENTY-FIFTH DEFENSE

The Individual Defendants are not subject to control person liability under Section 20(a) of the Exchange Act because they acted in good faith and/or did not directly or indirectly induce, or culpably participate in, any of the alleged acts purportedly in violation of the Exchange Act.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Defendants did not employ any devices, schemes, or artifices to defraud, or engage in any acts or practices which operated as a fraud or deceit upon Plaintiffs or any other persons.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the alleged damages, if any, are nonexistent, speculative, and/or are impossible to ascertain.

### TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to class certification under Federal Rule of Civil Procedure 23.

### TWENTY-NINTH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent (as well as any arguments that Plaintiffs are entitled to certify a class) are barred, in

whole or in part, based on the absence of price impact and the severance of the link between the alleged misstatements or omissions and the purported stock price inflation or decline.

## THIRTIETH DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, to the extent that the harm they allegedly suffered, if any, was caused by factors, persons, or entities other than Defendants, over which Defendants had no control or responsibility.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, based on the PSLRA's proportionate liability provisions.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(1)     Enter judgment for Defendants dismissing the Complaint;

(2)     Award Defendants costs and expenses incurred in defending this action; and

(3)     Grant Defendants such other and further relief as the Court deems just and proper.

Dated: February 11, 2022

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


/s/ *Peter A. Stokes*

Gerard G. Pecht (Attorney-in-Charge)
State Bar No. 15701800
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151

Ellen B. Sessions
State Bar No. 00796282
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7921
Telephone: (214) 855-7465

Peter A. Stokes
State Bar No. 24028017
peter.stokes@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on February 11, 2022, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.


/s/ *Peter A. Stokes*

Peter A. Stokes


- 65 -