**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 3:20-CV-00691-D |
| v. | |
| EXELA TECHNOLOGIES, INC., RONALD COGBURN, JAMES G. REYNOLDS, and PAR CHADA | **CLASS ACTION** |
| Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF:**
**(I) LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS**
**ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND**
**(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Court-appointed lead plaintiff Insur Shamgunov ("Lead Plaintiff"), on behalf of himself and the Settlement Class, respectfully submits this reply memorandum in further support of: (i) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 100); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 101).[1] This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there has not been a single objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses.

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's August 21, 2023, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 94, the "Preliminary Approval Order"), approximately 8,726 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2] In addition, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on October 2, 2023,[3] and (ii) the Notice,

---

[1] Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated July 27, 2023 (ECF No. 91, Ex. 2) ("Stipulation") or in the Declaration of Kara M. Wolke in Support of: (I) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 102, Ex. 1). Unless otherwise indicated, all emphasis is added and quotations and citations are omitted.

[2] *See* Appendix, Ex. 1 (Supplemental Declaration of Susanna Webb Regarding: (A) Mailing of Notice; (B) Claims Deadline, Processing and Report to the Court; (C) Updating the Settlement Website; and (D) Report on Requests for Exclusion and Objections (the "Suppl. Mailing Decl.")), at ¶5.

[3] ECF No. 102, Ex. 2 (Declaration of Susanna Webb Regarding: (A) Mailing of the Postcard Notice; (B) Mailing of the Notice and Proof of Claim Form; (C) Publication of the Summary

1

Claim Form, Stipulation, and Preliminary Approval Order, among other important case-related documents, to be posted on the Settlement Website (www.ExelaSecuritiesLitigation.com). *See* Initial Mailing Decl., ¶¶11, 16. The Postcard Notice, Notice, and Summary Notice informed Settlement Class Members of the November 16, 2023 deadline to: (i) submit an objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, or (ii) request exclusion from the Settlement Class.

On November 2, 2023, fourteen (14) days prior to the objection deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The motions are supported by the declarations of Lead Plaintiff, Lead Counsel, Local Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 100-102; Supp. Mailing Decl., at ¶8.

Following this extensive notice process, ***no*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Moreover, Epiq has not received a single request for exclusion. *See* Suppl. Mailing Decl., ¶10.

For all the reasons set forth herein, and in the opening papers filed with the Court on November 2, 2023, the Court should approve the Settlement, Plan of Allocation and request for attorneys' fees and reimbursement of Litigation Expenses.

---

Notice; (D) Call Center Services; (E) Settlement Website; and (F) Report on Requests for Exclusion and Objections ("Initial Mailing Decl.")), at ¶10.

## II.    ARGUMENT

### A.    The Positive Reaction Of The Settlement Class Strongly Supports Approval Of The Settlement And Plan Of Allocation

The reaction of a class to a settlement is a significant factor in assessing its fairness and adequacy.  *Quintanilla v. A & R Demolition Inc.*, 2008 WL 9410399, at \*5 (S.D. Tex. May 7, 2008) ("The court should . . . consider the reaction of the class to the settlement," and "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement").  Here, the lack of objections and requests for exclusion strongly militate in favor of the Court granting the requested relief.  *See In re Pool Prod. Distribution Mkt. Antitrust Litig.*, 2016 WL 235781, at \*10 (E.D. La. Jan. 20, 2016) ("the lack of objectors and low number of opt-outs suggest class-wide support for the proposed settlement"); *Buettgen v. Harless*, 2013 WL 12303143, at \*9 (N.D. Tex. Nov. 13, 2013) ("[t]he reaction of the Class to the settlement has been supportive" where "only two Class Members have objected to the settlement"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at \*22-23 (N.D. Tex. Nov. 8, 2005) (finding, where there were eight objections, that "the overwhelming response of absent Class Members overall . . . strongly supports approval of the settlement"); *Billitteri v. Sec. Am., Inc.,* 2011 WL 3586217, at \*14 (N.D. Tex. Aug. 4, 2011) (where 30 out of 2,000 class members opted out of a settlement, the court found that "[t]he extremely small number of opt-outs suggests a favorable opinion by the absent class members").[4]

---

[4] *See also*, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010,* 910 F. Supp. 2d 891, 938 (E.D. La. 2012) ("The low objections and opt-out rates are evidence of the Settlement's fairness."), *aff'd sub nom. In re Deepwater Horizon,* 739 F.3d 790 (5th Cir. 2014); *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at \*5 (S.D. Tex. May 7, 2008) ("The court should . . . consider the reaction of the class to the settlement," and "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement"); *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 853 (E.D. La. 2007) ("The absence or small number of objections may provide a helpful indication that the settlement is fair, reasonable, and adequate.").

3

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation.  *See Schwartz*, 2005 WL 3148350, at *24 (finding the plan of allocation fair, reasonable and adequate where, "[m]ost importantly, there has only been one objection to the Plan of Allocation"); *see also Buettgen*, 2013 WL 12303143, at *9 (collecting cases and noting that the "reaction of the Class to the Settlement has been supportive" and approving plan of allocation as fair, adequate and reasonable).

**B.    The Settlement Class's Reaction Strongly Supports The Fee And Expense Request**

The absence of *any* objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiff be reimbursed for the costs incurred as a direct result of his representation of the Settlement Class, weighs heavily in favor of approval.  *See, e.g.*, *Bethea v. Sprint Commc'ns Co.*, 2013 WL 228094, at *5 (S.D. Miss. Jan. 18, 2013) ("The absence of objection by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *Di Giacomo v. Plains All Am. Pipeline*, 2001 WL 34633373, at *9 (S.D. Tex. Dec. 19, 2001) (requested attorneys' fees supported by fact that there were "no objections and virtually no requests for exclusion from the settlement class."); *see also Parmelee v. Santander Consumer USA Holdings Inc.*, 2019 WL 2352837, at *2 (N.D. Tex. Jun. 3. 2019) (awarding 33⅓% of $9.5 million settlement fund and full reimbursement of expenses, including lead plaintiffs' reasonable costs pursuant to the PSLRA, where "[t]here were no objections to the requested attorneys' fees and expenses."); *Singh v. 21Vianet Group, Inc.*, 2018 WL 6427721, at *1 (E.D. Tex. Dec. 7, 2018) (awarding attorneys' fees of 33.3% of $9 million settlement fund and full reimbursement of litigation expenses, including reimbursement of lead plaintiff's costs and expenses pursuant to PSLRA, where "[t]here were no objections to the requested attorneys' fees and expenses.").

## III.    CONCLUSION

Based on the foregoing, and for the additional reasons set forth in the opening papers, Lead Plaintiff and his counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 33⅓% of the Settlement Fund, together with expenses in the amount of $360,978.11; and (iii) grant Lead Plaintiff Insur Shamgunov a PSLRA award in the amount of $25,000 for the time and effort he expended on behalf of the Settlement Class.

DATED: November 30, 2023                    **GLANCY PRONGAY & MURRAY LLP**

By:  _s/ Joseph D. Cohen_
Kara M. Wolke (*pro hac vice*)
kwolke@glancylaw.com
Joseph D. Cohen (*pro hac vice*)
jcohen@glancylaw.com
Raymond D. Sulentic (*pro hac vice*)
rsulentic@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Lead Plaintiff and the Proposed Settlement Class*

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
3232 McKinney Ave., Suite 700
Dallas, Texas 75204
Telephone: (214) 744-3000

*Local Counsel for Lead Plaintiff and the Proposed Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Motion was served on all counsel of record on November 30, 2023 via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

<u>*/s/ Joseph D. Cohen*</u>
Joseph D. Cohen