**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 3:20-CV-00691-D |
| v. | |
| EXELA TECHNOLOGIES, INC., RONALD COGBURN, JAMES G. REYNOLDS, and PAR CHADA | **CLASS ACTION** |
| Defendants. | |

**APPENDIX IN SUPPORT OF REPLY MEMORANDUM IN FURTHER SUPPORT OF:**
**(I) LEAD PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND**
**(II) LEAD COUNSEL'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Court-appointed lead plaintiff Insur Shamgunov ("Lead Plaintiff") respectfully submits, pursuant to Rule 7.1(i) of the Local Rules for the Northern District of Texas, this appendix in support of the Reply Memorandum in Further Support of: (I) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

DATED: November 30, 2023

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Joseph D. Cohen*
Kara M. Wolke (*pro hac vice*)
kwolke@glancylaw.com
Joseph D. Cohen (*pro hac vice*)
jcohen@glancylaw.com
Raymond D. Sulentic (*pro hac vice*)
rsulentic@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Lead Plaintiff and the Proposed Settlement Class*

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
3232 McKinney Ave., Suite 700
Dallas, Texas 75204
Telephone: (214) 744-3000

*Local Counsel for Lead Plaintiff and the Proposed Settlement Class*

1

## INDEX TO APPENDIX

| Exhibit | Document | Page No. |
|---|---|---|
| 1 | Supplemental Declaration of Susanna Webb Regarding: (A) Mailing of Notice; (B) Claims Deadline, Processing and Report to the Court; (C) Updating of Settlement Website; and (D) Report on Requests for Exclusion and Objections | 1-37 |

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Joseph D. Cohen*
Joseph D. Cohen

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| v. | Case No. 3:20-CV-00691-D |
| EXELA TECHNOLOGIES, INC., RONALD COGBURN, JAMES G. REYNOLDS, and PAR CHADA | **CLASS ACTION** |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF SUSANNA WEBB REGARDING: (A) MAILING OF NOTICE; (B) CLAIMS DEADLINE, PROCESSING AND REPORT TO THE COURT; (C) UPDATING OF SETTLEMENT WEBSITE; AND (D) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Susanna Webb, declare as follows:

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's August 21, 2023, Order Preliminary Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").[1] ECF No. 94, ¶7.  The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently hereto.

2.      I submit this Declaration as a supplement to my earlier declaration, the Declaration of Susanna Webb Regarding: (A) Mailing of Postcard Notice; (B) Mailing of the Notice and Proof of Claim Form; (C) Publication of the Summary Notice; (D) Call Center Services; (E) Settlement Website; (F) Report on Requests for Exclusion and Objections dated October 30, 2023 and filed with the Court on November 2, 2023 (the "Initial Mailing Declaration") (ECF No. 102-2).

### DISSEMINATION OF NOTICE

3.      Since the execution of the Initial Mailing Declaration, Epiq has continued to disseminate copies of the Postcard Notice in response to requests from potential Settlement Class Members, brokers and other nominees.  As of the date of this Declaration, a total of 3,626 Postcard Notices have been disseminated to potential Settlement Class Members and their nominees. Exhibit A hereto is a true and correct copy of the Postcard Notice.

4.      The Postcard Notice provided a limited description of the Settlement and directed potential Settlement Class Members to a website established specifically for this Settlement,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement, dated July 27, 2023 (ECF No. 91-2).

www.ExelaSecuritiesLitigation.com (the "Settlement Website").  Settlement Class Members can use the Settlement Website to access and download the more detailed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), along with the Proof of Claim and Release Form (the "Claim Form"; and together with the Notice, "Notice Packet").  True and correct copies of the Notice and Claim Form are attached hereto as Exhibits B and C, respectively.

5.      As of November 30, 2023: (a) a total of 3,626 Postcard Notices have been disseminated to potential Settlement Class Members and their nominees by first class U.S. mail; (b) 1,018 Notice Packets have been mailed to nominees; and (c) one link to the Notice and Claim Form was provided to a nominee who then disseminated notice to 4,082 potential Settlement Class Members.  Accordingly, as of November 30, 2023, notice has been disseminated to 8,726 potential Settlement Class Members and nominees.

### CLAIMS DEADLINE, PROCESSING AND REPORT TO THE COURT

6.      The Notice informed potential Settlement Class Members that, if they wished to participate in the Settlement, they must submit a Claim Form and supporting documentation to Epiq, either online or postmarked by January 24, 2024.  Once the claim filing deadline has passed, the Claims received will be subject to a comprehensive review under Epiq's standard claims processing procedures, which will identify any deficiencies in the Claims received.  Epiq will then communicate with Claimants with deficient, but correctable, Claims to bring those Claims into compliance.   Epiq will submit a declaration communicating its recommendations on accepting/rejecting claims in conjunction with Lead Plaintiff's Motion for Distribution of Settlement Proceeds.

### UPDATING OF SETTTLEMENT WEBSITE

7.      Epiq continues to maintain the Settlement Website.  The Settlement Website became operational on or about September 26, 2023, and is accessible 24 hours-a-day, 7 days-a-week.  Among other things, the Settlement Website provides important information regarding the proposed Settlement, including the exclusion, objection, and claim-filing deadlines, the date and time of the Settlement Hearing, and instructions on how to attend the Settlement Hearing.  The Settlement Website also includes a link to an online claim uploader through which Settlement Class Members can submit their Claims.

8.      At the request of Lead Counsel, shortly after their filing with the Court on November 2, 2023, Epiq posted downloadable copies of the following documents on the Settlement Website: (a) Lead Plaintiff's: (I) Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Memorandum of Law in Support Thereof (ECF No. 100); (b) Lead Counsel's: (I) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 101); and (c) Appendix in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 102).

### REQUESTS FOR EXCLUSION AND OBJECTIONS

9.      The Postcard Notice, Notice, Summary Notice and Settlement Website informed potential Settlement Class Members that requests for exclusion from the Settlement Class were to be mailed to the Claims Administrator and received no later than November 16, 2023. The Notice also set forth the information that was required to be included in each request for exclusion.

10.     To date, Epiq has received no requests for exclusion from the Settlement Class.

11.    The Notice, Summary Notice, and Settlement Website informed potential Settlement Class Members that they may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and the Notice explains that objection must be in writing, and filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are received on or before November 16, 2023.  Sometimes, however, Settlement Class Members submit objections to Epiq.

12.    To date, Epiq has not received or been informed of any objections to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees, reimbursement of Litigation Expenses.

I declare under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 30th day of November 2023, at Louisville, Kentucky.

Susanna Webb

Susanna Webb

# EXHIBIT A

BARCODE
NO-PRINT
ZONE

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

*COURT-ORDERED LEGAL NOTICE*

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Bo Shen v. Exela Technologies, Inc., et al.*
Case No. 3:20-cv-00691-D

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

Barcode No-Print Zone

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.EXELASECURITIESLITIGATION.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Exela Technologies, Inc. ("Exela") and certain executives and directors of Exela (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which the Plaintiff alleges that Defendants disseminated materially false and misleading information to the investing public about Exela's financial condition, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Exela common stock between March 16, 2018 and March 16, 2020, inclusive, and been damaged thereby.

Defendants have agreed to pay a Settlement Amount of $5,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.ExelaSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Exela common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.09 per eligible share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.ExelaSecuritiesLitigation.com or will be mailed to you upon request to the Claims Administrator (888-306-3146). **Claim Forms must be postmarked by January 24, 2024**. If you do not want to be legally bound by the Settlement, you must exclude yourself by November 16, 2023, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by November 16, 2023. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on December 7, 2023 to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $430,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiffs' costs and expenses related to their representation of the Settlement Class in an amount not to exceed $25,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (888-306-3146) or visit the website www.ExelaSecuritiesLitigation.com and read the detailed Notice.

AJ2112 v.01

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>EXELA TECHNOLOGIES, INC., RONALD COGBURN, JAMES G. REYNOLDS, and PAR CHADHA<br><br>     Defendants. | Case No. 3:20-cv-00691-D |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF
SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT
FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Texas (the "Court"), if, during the period between March 16, 2018 and March 16, 2020, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the publicly-traded common stock of Exela Technologies, Inc. ("Exela" or the "Company") and were damaged thereby (the "Settlement Class").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiff, Insur Shamgunov ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in ¶28 below), has reached a proposed settlement of the Action for $5,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Exela, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 92 below).**

    1.   **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Exela, and Ronald Cogburn, Parvinder Chadha and James G. Reynolds (collectively, the "Individual Defendants"; and, together with Exela, the "Defendants") violated the federal securities laws by making false and misleading statements regarding Exela. A more detailed description of the Action is set forth in paragraphs 11-27 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 28 below.

    2.   **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $5,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 10-14 below.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 27, 2023 (the "Stipulation"), which is available at www.ExelaSecuritiesLitigation.com.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages, expert's estimates of the number of shares of Exela common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.09. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of Exela common stock they purchased, when and at what prices they purchased/acquired or sold their Exela common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 10-14 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2020, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $430,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Exela common stock, if the Court approves Lead Counsel's fee and expense application, is $0.036 per eligible security.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Kara M. Wolke, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN JANUARY 24, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶42 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶43 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 16, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 16, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON DECEMBER 7, 2023 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 16, 2023.** | Filing a written objection and notice of intention to appear by November 16, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? ..........................................................................................................Page 4

What Is This Case About? ...........................................................................................................................Page 4

How Do I Know If I Am Affected By The Settlement? Who Is Included
   In The Settlement Class?........................................................................................................................Page 5

What Are Lead Plaintiffs' Reasons For The Settlement?...........................................................................Page 6

What Might Happen If There Were No Settlement? ..................................................................................Page 7

How Are Settlement Class Members Affected By The Action And
   The Settlement?......................................................................................................................................Page 7

How Do I Participate In The Settlement? What Do I Need To Do?...........................................................Page 9

How Much Will My Payment Be? ..............................................................................................................Page 9

What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?..........................................................................................................Page 14

What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?...................................................................................................................Page 14

When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Speak At The Hearing If I
   Don't Like The Settlement?...................................................................................................................Page 15

What If I Bought Shares On Someone Else's Behalf? ..............................................................................Page 16

Can I See The Court File? Whom Should I Contact If I Have Questions? ...............................................Page 16

AJ2213 v.03

Page 13

## WHY DID I GET THE POSTCARD NOTICE?

8.   The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded Exela common stock during the Settlement Class Period. The Court also directed that this Notice be posted online at www.ExelaSecuritiesLitigation.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.   The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraphs 83-84 below for details about the Settlement Hearing, including the date and location of the hearing.

10.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.  This litigation stems from alleged violations of the federal securities laws. The alleged violations arise out of various statements the Defendants made which Lead Plaintiff alleged were false and/or misleading. These alleged false statements concerned three broad issues related to Exela's financial statements and financial performance: (1) whether the Defendants overstated the visibility that Exela management claimed to have into Exela's revenue; (2) whether the exclusion of various costs that Exela added back to its Adjusted EBITDA figures was misleading; and (3) whether and to what extent Exela had the ability to estimate its potential liability with respect to unrelated litigation that was then ongoing in the Delaware Court of Chancery (the "Appraisal Action").

12.  The procedural history of this Action follows below.

13. On March 23, 2020, a class action complaint was filed in the United States District Court for the Northern District of Texas ("the Court"), styled *Bo Shen v. Exela Technologies Inc. et al.*, 3:20-cv-00691-D. The March 23, 2020, complaint alleged, in substance, that the Defendants made certain false statements about an undisclosed liability on Exela's financial statements that stemmed from the Appraisal Action.

14. Following the filing of the March 23, 2020 complaint, on May 22, 2020, Insur Shamgunov and Elena Shamgunova (collectively, "Lead Plaintiffs") filed a motion with the Court asking to be appointed lead plaintiffs, which the Court granted. The Court also approved their selection of Glancy Prongay & Murray LLP to serve as Lead Counsel for the putative class.

15. Following appointment as Lead Plaintiffs and Lead Counsel, Lead Counsel conducted an in-depth investigation into Exela and, on August 11, 2020, filed a 98-page Amended Complaint (the "Amended Complaint").

16.  Unlike the initial complaint, which alleged just one theory of liability, the Amended Complaint alleged three theories of liability. *First*, Lead Plaintiffs alleged that even though Exela represented that it had 90% visibility into its revenue, in truth it did not — because at least 20% of Exela's revenue came from pass-through postage revenue, which the Company later admitted was unpredictable. *Second*, Lead Plaintiffs alleged that Exela improperly excluded certain costs from its Adjusted EBITDA, a measure of operating earnings, which misleadingly made Exela appear more profitable than it really was. *Third*, Lead Plaintiffs alleged that Exela failed to disclose a known liability that it had the ability to estimate related to the Appraisal Action.

17.  According to the Amended Complaint, the alleged misrepresentations and omissions proximately caused class member losses when the truth was revealed over a series of partial corrective disclosures throughout the class period.

AJ2214 v.03

18. In response to the filing of the Amended Complaint, the Defendants asked the Court to dismiss Lead Plaintiffs' case in a motion to dismiss, which was filed on October 12, 2020. Lead Plaintiffs opposed the Defendants' motion to dismiss, and Defendants filed reply papers. On May 20, 2021, United States District Court Judge Sydney Fitzwater heard in-person oral arguments by the Parties.

19. Approximately one month later, the Judge Fitzwater granted the Defendants' motion to dismiss in a written opinion styled *Bo Shen v. Exela Techs., Inc.*, No. 3:20-CV-0691-D, 2021 WL 2589584, (N.D. Tex. June 24, 2021) ("*Shen I*"). Even though the Court granted the Defendants' motion to dismiss, it still gave Lead Plaintiffs an opportunity to amend their complaint to address perceived shortcomings that the Court identified in its *Shen I* opinion.

20. In response to the *Shen I* opinion and the Court's dismissal, Lead Plaintiffs continued their investigation and sought to address the perceived pleading deficiencies identified by *Shen I*. To that end, Lead Plaintiffs filed their 118-page Second Amended Complaint, or "SAC", on August 5, 2021.

21. While Lead Plaintiffs felt the SAC addressed the issues raised by the Court in *Shen I*, the Defendants filed another motion to dismiss on September 3, 2021, which Lead Plaintiffs again opposed. On January 19, 2022, the Court heard argument by counsel for the Parties on the Defendants' motion to dismiss the SAC. Two days later, the Court issued a ruling denying the Defendants' second motion to dismiss in a written order styled *Shen v. Exela Techs., Inc.*, No. 3:20-CV-0691-D, 2022 WL 198402 (N.D. Tex. Jan. 21, 2022) ("*Shen II*"). Following the denial of the Defendants' motion to dismiss the SAC, the case entered discovery, and soon after, Exela began turning over hundreds of thousands of documents—totaling more than 2.2 million pages by the time their document production was complete.

22. Following several months of discovery, on September 8, 2022, the Parties held a virtual mediation session that was overseen by a well-respected mediator of complex class actions, Jed Melnick, Esq. of JAMS. No agreement was reached during the mediation, and discovery continued, as did negotiations facilitated by Mr. Melnick over a potential settlement.

23. As the case progressed, one of the two Lead Plaintiffs, Elena Shamgunova, dismissed her case, leaving just one Lead Plaintiff, Insur Shamgunov. On April 14, 2023, Lead Plaintiff moved for class certification and sought appointment of Insur Shamgunov as the class representative.

24. During the course of discovery, the Parties continued to work towards a settlement with the assistance of Mr. Melnick. These negotiations culminated in a recommendation by Mr. Melnick that the Parties settle the Action for a $5.0 million cash payment to the Settlement Class in return for a release of the Settlement Class's claims against the Defendants. On June 3, 2023, the Parties accepted Mr. Melnick's recommendation.

25. Based on the investigation, litigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

26. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any fault, liability, or wrongdoing.

27. On August 21, 2023, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

28. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired publicly traded Exela common stock between March 16, 2018 and March 16, 2020, inclusive (the "Settlement Class Period"), and were damaged thereby.[2]

---

[2] During the Settlement Class Period, Exela common stock was listed and traded on the Nasdaq Stock Market, under the ticker symbol "XELA." After the Settlement Class Period, Exela common stock underwent three reverse stock splits (a 1-for-3 reverse split on January 26, 2021; a 1-for-20 reverse split on July 26, 2022; and a 1-for-200 reverse split on May 15, 2023). Herein, Exela common stock prices are *not* adjusted for any reverse stock splits.

Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) (i) Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendants; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Exela; (iv) any person who served as an Officer and/or director of Exela during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which any Individual Defendants is the grantor or settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 14 below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.ExelaSecuritiesLitigation.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than January 24, 2024.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

29.  Lead Plaintiff and Lead Counsel believe that the claims asserted against the Defendants have merit. They recognize, however, many offsetting factors such as the expense and length of the continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For instance, as discussed above, Lead Plaintiffs alleged three areas about which Exela allegedly made false and/or misleading statements: Exela's revenue; its earnings (Adjusted EBITDA); and its balance sheet (the Appraisal Action liability). In 2021, when the Court initially dismissed Plaintiffs' case in *Shen I*, it found all three theories lacking in varying ways. Indeed, in *Shen I*, with respect to Lead Plaintiffs' Adjusted EBITDA theory, the Court held "at all times, Exela told the whole truth and nothing but about how it was calculating EBITDA and adjusted EBITDA."  Lead Plaintiffs disagreed with the Court's holding in *Shen I*, and further felt that Lead Plaintiffs' Second Amended Complaint addressed any prior pleading defects that may have existed, there would still be significant uncertainty as to whether the Court would even permit Lead Plaintiff's Adjusted EBITDA theory to continue beyond the Defendants' anticipated motion for summary judgment.

30.  Also, while the Court initially dismissed all three of Plaintiffs' theories in *Shen I,* in 2022, when the Court denied the Defendants' second motion for dismissal in *Shen II*, the Court only explicitly ruled for Plaintiffs on one of their three theories—the theory that related to Exela's revenue visibility. In other words, while the Court denied the Defendants' motion to dismiss in *Shen II*, it did not address whether Lead Plaintiffs adequately stated a claim apart from their revenue visibility theory. Thus, it is certainly possible that the Court harbored skepticism about two of Lead Plaintiff's three theories, including its Adjusted EBITDA theory—even after the Court's denial of the Defendants' motion to dismiss in *Shen II*.

31.  More broadly, for Lead Plaintiff to prevail on summary judgment, he would have to *prove* five elements of his case, while the Defendants need only prove one for Lead Plaintiff and the class to lose. Those five elements are: (1) falsity (*i.e.*, that the Defendants made false statements); (2) materiality (that the Defendants made false statements about a *material* fact); (3) scienter (that there was a strong, or cogent inference that the Defendants made such materially false statements on purpose, or recklessly); (4) loss causation (that the Defendants' materially false statements proximately caused the later decline in Exela's stock price, not something else—like a weakening business overall); and (5) damages.

32.  Each element had its respective risks. For instance, as discussed above, it is unclear whether the Court would ultimately find Lead Plaintiff's Adjusted EBITDA theory viable on falsity grounds. Moreover, in *Shen I*, the Court held that "[e]ven if plaintiffs had plausibly alleged that Exela's Adjusted EBITDA figures were false or misleading, the court would still grant defendants' motion to dismiss plaintiffs' claim based on Exela's Adjusted EBITDA figures because plaintiffs have not plausibly pleaded a strong inference of scienter."  Therefore, even if Lead Plaintiff could adequately prove falsity as to Exela's Adjusted EBITDA statements, he would still face a significant challenge in proving scienter.

33.  Even if the hurdles to establishing liability were overcome—*i.e.*, proving falsity, materiality, scienter, and loss causation, the amount of damages that could be attributed to the allegedly false statements would be hotly contested because other disclosures concerning Exela's financials were made at the time of the alleged disclosure of the alleged fraud. For instance, Lead Plaintiff would have to prove that it was the revelation that the Defendants lacked visibility into Exela's revenue, and not the reduction in revenue guidance itself (or any other bad news revealed at the time), that caused Exela's shares to fall. Such "disaggregation" issues were particularly potent here because many of the corrective disclosures that Lead Plaintiffs alleged revealed news that was relevant to more than one of their theories.

34.  Simply put, if the litigation were to continue, Lead Plaintiff would need to prevail on multiple elements, and at several stages—motions for class certification, summary judgment, and trial—in order to recovery anything. And if he prevailed at all those stages, he would likely face appeals—just as an appeal followed when Exela confronted unfavorable court rulings in the Appraisal Action. Thus, there were very significant risks attendant to the continued prosecution of the Action, and even if Lead Plaintiff prevailed, it would be several years in the future.

35.  In light of these risks and other considerations, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $5,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after class certification, summary judgment, trial and appeals, possibly years in the future.

36.  The Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

37.  If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants managed to prove any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than that provided by the Settlement, or perhaps nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

38.  As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 15 below.

39.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 14 below.

40.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

41.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims (as defined in ¶42 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released,

resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees (as defined in ¶43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

42. "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of publicly traded Exela common stock during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any shareholder derivative claims asserted in *Ezzat v. Cogburn, et al.*, Case No. 2022-2021 (Del. Chancery Ct.); *Moser v. Cogburn, et al.*, Case No. 3:20-cv-3691 (N.D. Tex.); and *McKenna v. Cogburn, et al.*, Case No. 3:20-cv-3691-1800 (N.D. Tex.); and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

43. "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, insurers, and attorneys, in their capacities as such.

44. "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and the Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

45. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶46 below) on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶47 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

46. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

47. "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

48.  To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than January 24, 2024**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.ExelaSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-888-306-3146. Please retain all records of your ownership of and transactions in Exela common stock, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

49.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

50.  Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid five million dollars ($5,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

51.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

52.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

53.  Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

54.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before January 24, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶42 above) against the Defendants' Releasees (as defined in ¶43 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

55.  Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Exela common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Exela common stock during the Settlement Class Period may be made by the plan's trustees. If any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

56.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

57.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

AJ2219 v.03

58. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Exela publicly traded common stock during the Settlement Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Publicly traded Exela common stock is the only security included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

59. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

60. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period which Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts between March 16, 2018 and March 16, 2020, inclusive, which had the effect of artificially inflating the price of Exela common stock. The estimated alleged artificial inflation in the price of Exela common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Exela common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

61. In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the Exela common stock. In this matter, Lead Plaintiffs allege that corrective disclosures removed the artificial inflation from the price of Exela common stock on the following dates: November 9, 2018; March 19, 2019; March 20, 2019; May 10, 2019; May 22, 2019; May 23, 2019; August 9, 2019; November 13, 2019; March 17, 2020; and March 18, 2020 (the "Corrective Disclosure Dates").[3] Accordingly, in order to have a Recognized Loss Amount, Exela common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

62. To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

---

[3] An alleged corrective disclosure also occurred on May 16, 2020. However, after netting out market and industry effects, there was no decline in the price of Exela common stock that day.

AJ22110 v.03

**Page 20**

| Table 1 Artificial Inflation in Exela Common Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| March 16, 2018 | November 8, 2018 | $3.79 |
| November 9, 2018 | March 18, 2019 | $2.99 |
| March 19, 2019 | March 19, 2019 | $2.78 |
| March 20, 2019 | May 9, 2019 | $2.54 |
| May 10, 2019 | May 21, 2019 | $2.39 |
| May 22, 2019[4] | May 22, 2019 | $1.86 |
| May 23, 2019 | August 8, 2019 | $1.42 |
| August 9, 2019 | November 12, 2019 | $0.29 |
| November 13, 2019 | March 16, 2020 | $0.04 |
| March 17, 2020 | March 17, 2020 | $0.02 |
| March 18, 2020 | Thereafter | $0.00 |

* For each day during the Settlement Class Period, the per-share price inflation in Exela common stock shall be limited to that day's closing price of the stock.

63. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Exela common stock. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Exela common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss Amount on Exela common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

64. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Exela common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

65. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase or acquisition of Exela common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided.

I.    For each share purchased or otherwise acquired between March 16, 2018 and March 16, 2020, inclusive:

    a.    that was subsequently sold prior to November 9, 2018, the Recognized Loss Amount is $0.00.

    b.    that was subsequently sold during the period November 9, 2018 through March 16, 2020, inclusive, the Recognized Loss Amount is *the lesser of*:

        i.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

        ii.    the purchase price *minus* the sale price.

---

[4] The alleged corrective disclosure on May 22, 2019 occurred late in the trading day. Thus, in order to avoid potentially understating the Recognized Loss Amount for Claimants who transacted in Exela common stock on May 22, 2019, purchases of Exela common stock that day shall be assumed to have occurred at the pre-disclosure price inflation amount (*i.e.*, $2.39 per share). Sales of Exela common stock that day shall be assumed to have occurred at the post-disclosure price inflation amount (*i.e.*, $1.86 per share).

   c.  that was subsequently sold on March 17, 2020, the Recognized Loss Amount is *the least of*:

     i.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

     ii.  the purchase price *minus* the sale price; or

     iii.  the purchase price *minus* the "90-Day Lookback Value" on March 17, 2020, which is $0.17.

   d.  that was subsequently sold during the period March 18, 2020 through June 12, 2020, inclusive, the Recognized Loss Amount is *the least of*:

     i.  the amount of per-share price inflation on the date of purchase as appears in Table 1; or

     ii.  the purchase price *minus* the sale price; or

     iii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

   e.  that was still held as of the close of trading on June 12, 2020, the Recognized Loss Amount is *the lesser of*:

     i.  the amount of per-share price inflation on the date of purchase as appears in Table 1; or

     ii.  the purchase price *minus* the average closing price for Exela common stock during the 90-Day Lookback Period, which is $0.27.

II.  For each share purchased or otherwise acquired on or after March 17, 2020, the Recognized Loss Amount is $0.00.

| Table 2 | | | | | |
| --- | --- | --- | --- | --- | --- |
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 3/17/2020 | $0.17 | 4/16/2020 | $0.18 | 5/15/2020 | $0.22 |
| 3/18/2020 | $0.16 | 4/17/2020 | $0.18 | 5/18/2020 | $0.22 |
| 3/19/2020 | $0.16 | 4/20/2020 | $0.18 | 5/19/2020 | $0.22 |
| 3/20/2020 | $0.17 | 4/21/2020 | $0.18 | 5/20/2020 | $0.22 |
| 3/23/2020 | $0.17 | 4/22/2020 | $0.18 | 5/21/2020 | $0.23 |
| 3/24/2020 | $0.17 | 4/23/2020 | $0.18 | 5/22/2020 | $0.23 |
| 3/25/2020 | $0.17 | 4/24/2020 | $0.18 | 5/26/2020 | $0.23 |
| 3/26/2020 | $0.18 | 4/27/2020 | $0.18 | 5/27/2020 | $0.23 |
| 3/27/2020 | $0.18 | 4/28/2020 | $0.18 | 5/28/2020 | $0.24 |
| 3/30/2020 | $0.18 | 4/29/2020 | $0.19 | 5/29/2020 | $0.24 |
| 3/31/2020 | $0.18 | 4/30/2020 | $0.19 | 6/1/2020 | $0.24 |
| 4/1/2020 | $0.18 | 5/1/2020 | $0.19 | 6/2/2020 | $0.24 |
| 4/2/2020 | $0.18 | 5/4/2020 | $0.20 | 6/3/2020 | $0.24 |
| 4/3/2020 | $0.18 | 5/5/2020 | $0.20 | 6/4/2020 | $0.25 |
| 4/6/2020 | $0.17 | 5/6/2020 | $0.20 | 6/5/2020 | $0.25 |
| 4/7/2020 | $0.17 | 5/7/2020 | $0.20 | 6/8/2020 | $0.25 |
| 4/8/2020 | $0.17 | 5/8/2020 | $0.21 | 6/9/2020 | $0.26 |
| 4/9/2020 | $0.17 | 5/11/2020 | $0.21 | 6/10/2020 | $0.27 |
| 4/13/2020 | $0.17 | 5/12/2020 | $0.21 | 6/11/2020 | $0.27 |
| 4/14/2020 | $0.17 | 5/13/2020 | $0.22 | 6/12/2020 | $0.27 |
| 4/15/2020 | $0.17 | 5/14/2020 | $0.22 | N/A | N/A |

## ADDITIONAL PROVISIONS

66. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 74 below) is $10.00 or greater.

67. **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Exela common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

68. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all shares of the Exela common stock.

69. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Exela common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Exela common stock during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Exela common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Exela common stock unless (i) the donor or decedent purchased or otherwise acquired such Exela common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Exela common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

70. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Exela common stock. The date of a "short sale" is deemed to be the date of sale of Exela common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Exela common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

71. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Exela common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock is the exercise date of the option and the purchase/sale price of the stock is the excise (strike) price of the option. Any Recognized Loss Amount arising from purchases of Exela common stock acquired during the Settlement Class Period through the exercise of an option on Exela common stock shall be computed as provided for other purchases of Exela common stock in the Plan of Allocation.

72. **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Exela common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Exela common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

73. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Exela common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and the Holding Value.[7] If the Claimant's Total Purchase Amount _minus_ the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Exela common stock purchased or acquired during the Settlement Class Period.

[6] The Claims Administrator shall match any sales of Exela common stock during the Settlement Class Period, first against the Claimant's opening position in Exela common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Exela common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a "Holding Value" to shares of Exela common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on March 16, 2020, which shall be $0.15 (_i.e._, the closing price of the stock on the last Corrective Disclosure Date, March 18, 2020). The total calculated holding values for all Exela common stock shall be the Claimant's "Total Holding Value."

74. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant. Any Distribution Amounts of less than $10.00 will be included in the pool distributed to those Settlement Class Members whose Distribution Amounts are $10.00 or greater.

75. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

76. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.ExelaSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

77. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $430,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $25,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

78. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Exela Tech. Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2147, Portland, OR 97208-2147. The exclusion request must be *received* no later than November 16, 2023. You will not be able to exclude yourself from the Settlement Class after that date. Each Request

for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Bo Shen v. Exela Technologies Inc. et al.*, Case No. 3:20-cv-00691-D"; (c) state the number of shares of publicly traded Exela common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

79. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

80. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

82. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

83. The Settlement Hearing will be held on December 7, 2023 at 10:00 a.m., before the Honorable Sidney A. Fitzwater at the United States District Court for the Northern District of Texas, United States Courthouse, Courtroom 1351, 1100 Commerce Street, Dallas, Texas 75242-1003. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

84. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of Texas at the address set forth below on or before November 16, 2023. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received on or before November 16, 2023.*

| <ins>Clerk's Office</ins> | <ins>Lead Counsel</ins> | <ins>Defendants' Counsel</ins> |
|---|---|---|
| United States District Court<br>Northern District of Texas<br>Clerk of the Court<br>United States Courthouse<br>1100 Commerce Street<br>Room 1452<br>Dallas, Texas 75242 | **Glancy Prongay & Murray LLP**<br>Kara M. Wolke, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 | **Norton Rose Fulbright US LLP**<br>Peter A. Stokes, Esq.<br>98 San Jacinto Blvd.<br>Suite 1100<br>Austin, TX 78701-4255 |

85. Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly traded Exela common stock that the objecting

Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before November 16, 2023.** Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

88. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶84 above so that the notice is *received* **on or November 16, 2023.**

89. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

90. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

91. If you purchased or otherwise acquired publicly traded Exela common stock between March 16, 2018 and March 16, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Exela Tech. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2147, Portland, OR 97208-2147. If you choose the third option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.05 per name and address provided to the Claims Administrator; up to $0.05 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.05 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator, www.ExelaSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-888-306-3146.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

92. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ExelaSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| *Exela Tech. Securities Litigation*<br>c/o Epiq Class Action & Claims Solutions,Inc.<br>P.O. Box 2147<br>Portland, OR 97208-2147<br>1-888-306-3146<br>www.ExelaSecuritiesLitigation.com | and/or | Kara M. Wolke, Esq.<br>Glancy Prongay & Murray LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>(310) 201-9150<br>settlements@glancylaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: August 28, 2023

By Order of the Court
United States District Court
Southern District of Texas

# EXHIBIT C

***Exela Tech. Securities Litigation***
*c/o* **Epiq Class Action & Claims Solutions, Inc.**
**P.O. Box 2147**
**Portland, OR 97208-2147**
**Toll Free Number: (888) 306-3146**
**Settlement Website: www.ExelaSecuritiesLitigation.com**
**Email: info@ExelaSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.ExelaSecuritiesLitigation.com or mail it by First-Class Mail to the above address, **submitted online or postmarked no later than January 24, 2024.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| PART I – CLAIMANT INFORMATION | 2 |
| PART II – GENERAL INSTRUCTIONS | 3–5 |
| PART III – SCHEDULE OF TRANSACTIONS IN EXELA COMMON STOCK | 6 |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | 7–8 |

01-**CA40067203**
AJ2221 v.04

## PART I - CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name        MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name        MI        Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                            State        ZIP Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (Day)                        Telephone Number (Evening)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded[1])

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)    ☐ IRA/401K                ☐ Estate

☐ Joint                                        ☐ Pension Plan            ☐ Trust

☐ Corporation                                  ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, i.e., when you are filing on behalf of distinct legal entities.

## PART II - GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.    This Claim Form is directed to all persons and entities who or which purchased or otherwise acquired publicly traded Exela Technologies, Inc. ("Exela") common stock ("Exela Stock") between March 16, 2018 and March 16, 2020, inclusive (the "Settlement Class Period"), and were damaged thereby (the "Settlement Class"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.    Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) (i) Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendants; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Exela; (iv) any person who served as an Officer and/or director of Exela during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which any Individual Defendants is the grantor or settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

4.    If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.    If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiffs' Claims (including Unknown Claims) against Defendants' Releasees.

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Exela Stock. On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Exela Stock, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.    Please note: Only Exela Stock purchased/acquired during the Settlement Class Period (*i.e.*, from March 16, 2018 and March 16, 2020, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Exela Stock during the period from March 16, 2020 through and including June 12, 2020, (*i.e.*, the 90-Day Lookback Period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10.    You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Exela Stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Exela Stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.    Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12.    All joint beneficial owners must sign this Claim Form. If you purchased or otherwise acquired Exela Stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased or otherwise acquired Exela Stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

  (a)    expressly state the capacity in which they are acting;

  (b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Exela Stock; and

  (c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.    By submitting a signed Claim Form, you will be swearing that you:

  (a)    own(ed) the Exela Stock you have listed in the Claim Form; or

  (b)    are expressly authorized to act on behalf of the owner thereof.

15.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17.    PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, *Exela Tech. Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc. at P.O. Box 2147, Portland, OR 97208-2147; or by email at info@ExelaSecuritiesLitigation.com; or by toll-free phone at (888) 306-3146; or you may download the documents from the Settlement website, www.ExelaSecuritiesLitigation.com.

18.   NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ExelaSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@ExelaSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@ExelaSecuritiesLitigation.com to inquire about your file and confirm it was received and acceptable.

19.   NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.ExelaSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@ExelaSecuritiesLitigation.com or (888) 306-3146. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (888) 306-3146.**

## PART III - SCHEDULE OF TRANSACTIONS IN EXELA COMMON STOCK

Complete this Part III if and only if you purchased/acquired Exela Stock during the period from March 16, 2018 through and including March 16, 2020. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Exela Stock purchased.

**1. BEGINNING HOLDINGS** – State the total number of shares of Exela Stock held as of the open of trading on March 16, 2018. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH JUNE 12, 2020** – Separately list each and every purchase/acquisition (including free receipts) of Exela Stock from after the opening of trading on March 16, 2018, through and including the close of trading on June 12, 2020. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH JUNE 12, 2020** – Separately list each and every sale/disposition (including free deliveries) of Exela Stock from after the opening of trading on March 16, 2018, through and including the close of trading on June 12, 2020. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of Exela Stock held as of the close of trading on June 12, 2020. (Must be documented.) If none, write "zero" or "0."

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX.** ☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.**

### *PART IV - RELEASE OF CLAIMS AND SIGNATURE*

### *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every Released Plaintiffs' Claim (as defined in the Stipulation and in the Notice) against Defendants' Releasees (as defined in the Stipulation and in the Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any or all of the Released Plaintiffs' Claims against any Defendants' Releasee.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page 3 of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page 3 of this Claim Form;

3.    that I (we) own(ed) the Exela Stock identified in the Claim Form and have not assigned the claim against the Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Exela Stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: ____ – ____ – _____
      MM    DD    YYYY

Signature of Claimant

Print Name

Date: ____ – ____ – _____
      MM    DD    YYYY

Signature of joint Claimant, if any

Print Name

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

Date: ____ – ____ – _____
      MM    DD    YYYY

Signature of person signing on behalf of Claimant

Print Name

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE 4 OF THIS CLAIM FORM.)

**REMINDER CHECKLIST:**

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (888) 306-3146.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@ExelaSecuritiesLitigation.com, or toll-free at (888) 306-3146, or visit www.ExelaSecuritiesLitigation.com. Please DO NOT call Exela or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN JANUARY 24, 2024**, ADDRESSED AS FOLLOWS:

*Exela Tech. Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2147
Portland, OR 97208-2147

YOU MAY ALSO SUBMIT ONLINE AT WWW.EXELASECURITIESLITIGATION.COM **ON OR BEFORE JANUARY 24, 2024.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before January 24, 2024 is indicated on the envelope and it is mailed First-Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.