UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BO SHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff's,<br><br>v.<br><br>EXELA TECHNOLOGIES, INC., RONALD COGBURN, JAMES G. REYNOLDS, and PAR CHADHA<br><br>Defendants. | Case No. 3:20-CV-0691-D |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Bo Shen v. Exela Technologies, Inc., et al.*, Case No. 3:20-CV-0691-D (the "Action");

WHEREAS, (a) lead plaintiff Insur Shamgunov ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendant Exela Technologies, Inc. ("Exela" or the "Company"), and Ronald Cogburn, Parvinder Chadha and James G. Reynolds (collectively, the "Individual Defendants"; and, together with Exela, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 27, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall

have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated August 21, 2023 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement (*see* ECF No. 94);

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on December 7, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and

makes a part hereof: (a) the Stipulation filed with the Court on July 27, 2023; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on November 2, 2023.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired publicly traded Exela common stock between March 16, 2018 and March 16, 2020, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) (i) Defendants; (ii) the legal representatives, heirs, successors, assigns, and Immediate Family members of the Individual Defendants; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Exela; (iv) any person who served as an Officer and/or director of Exela during the Settlement Class Period; (v) any entity in which any of the foregoing (i)-(iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which any Individual Defendants is the grantor or settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Family; and (d) Defendants' liability insurance carriers.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the

Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The Court also finds that Defendants have satisfied the notice requirements under the Class Action Fairness Act as set forth in 28 U.S.C. § 1715.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal

with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and

discharged each and every Released Plaintiff's Claim against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees. For the avoidance of doubt, this Release shall not apply to any shareholder derivative claims asserted in *Ezzat v. Cogburn, et al.*, Case No. 2022-2021 (Del. Chancery Ct.), *Moser v. Cogburn, et al.*, Case No. 3:20-cv-3691 (N.D. Tex.), and *McKenna v. Cogburn, et al.*, Case No. 3:20-cv-3691-1800 (N.D. Tex.).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or

any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      (b)    shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the

amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the

Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of June 3, 2023, as provided in the Stipulation.

17.   **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is directed to enter this final judgment in this Action.

SO ORDERED.

December 7, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE